## UNITED STATES *v.* HARSHA.

CERTIFICATE FROM THE UNITED STATES CIRCUIT COURT OF APPEALS FOR THE SIXTH CIRCUIT.

No. 127. Submitted January 11, 1899.—Decided January 23, 1899.

A judgment of a Circuit or District Court of the United States for the plaintiff in an action at law under the act of March 3, 1887, c. 359, 24 Stat. 505, is reviewable by the Circuit Court of Appeals upon writ of error.

The provision of the act of July 31, 1894, c. 174, § 2, 28 Stat. 162, 205, that "no person who holds an office, the salary or annual compensation of which amounts to the sum of two thousand five hundred dollars, shall be appointed to or hold any other office to which compensation is attached," does not, *ex proprio vigore*, create a vacancy in the office of clerk of a Circuit Court of the United States, by reason of the fact that at the time of its taking effect the then lawful incumbent of that office is also holding the office of clerk of the United States Circuit Court of Appeals in the same circuit, having previously resigned the latter office, and his resignation not having been accepted by the judges.

ON May 24, 1897, the Circuit Court of Appeals for the Sixth Circuit, upon a writ of error from that court to review a judgment rendered by the District Court of the United States for the Eastern District of Michigan in favor of Walter S. Harsha in an action brought by him against the United States, under the act of March 3, 1887, c. 359, to recover fees as clerk of the Circuit Court of the United States for that district, for services rendered during the first quarter of the

year 1895, certified to this court the following statement of facts and questions of law:

"Walter S. Harsha was duly appointed clerk of the Circuit Court of the United States for the Eastern District of Michigan, June 6, 1882, took the oath of office and filed his official bond in the sum of $20,000 on the same day, and is now and has from that time until the present been continuously, under said appointment by the judges of said court, and with their continued assent and approval, acting as clerk of said court under a *bona fide* claim of title to said office, no other person having at any time made any claim of title thereto, nor has his title been otherwise questioned than as hereafter stated.

"The said Harsha is now, and has been continuously since his appointment as clerk, a permanent resident of the city of Detroit, in the Eastern District of Michigan, where his official duties as such clerk are to be performed, and has during the whole of said time, from June 6, 1882, to the date hereof, given his actual personal attention to such duties, and has not at any time removed from said district.

"The accounts of Harsha as such clerk, for the first quarter of the calendar year 1895, amounting to $482.90, were made, presented, proved and allowed by the Circuit Court of the United States for the Eastern District of Michigan, as provided by law; said accounts were for services actually rendered, and were correct, and were duly forwarded to the Attorney General for examination under his supervision, as provided by statute.

"The said Harsha was duly appointed clerk of the United States Circuit Court of Appeals for the Sixth Circuit, June 16, 1891, took his oath of office and filed his official ·bond in the sum of $20,000 on the same day, and continued to perform the duties of the office of clerk of said court from June 16, 1891, aforesaid, to and including October 2, 1894, and received salary as such clerk at the rate of $3000 per annum for that time.

"On February 24, 1894, Harsha presented to the judges of said Court of Appeals his resignation as such clerk, which resignation was accepted by said judges October 2, 1894.

" Upon the presentation at the Treasury Department of the said accounts so forwarded to the Attorney General, the Comptroller of the Treasury, upon his construction of the act of Congress of July 31, 1894, decided that a vacancy occurred in the office of said clerk of the Circuit Court of the United States, beginning August 1, 1894, for the reason that after that date Harsha continued to hold the office of clerk of the United States Circuit Court of Appeals for the Sixth Circuit, the annual compensation of which office was $3000, and that such vacancy continued thereafter until the expiration of said first quarter of the calendar year 1895, and, upon the ground of such vacancy, disallowed the said accounts of petitioner as clerk of the United States Circuit Court for the Eastern District of Michigan for the said first quarter of the calendar year 1895.

" This action was brought by Harsha, to recover his fees earned as clerk of the Circuit Court, in the District Court of the United States for the Eastern District of Michigan, under the second section of the act of March 3, 1887, entitled ' An act to provide for the bringing of suits against the Government of the United States;' and after making a finding of facts and stating its conclusions of law, the District Court filed the same, and entered judgment for the petitioner Harsha in the sum of $482.90.  The United States, by its attorney, then applied to the District Judge, holding the District Court, for the allowance of a writ of error from this court to the District Court.  The writ was allowed, and was issued by the clerk of this court to the District Court.

" The instruction of the Supreme Court is respectfully requested on certain questions of law arising on the foregoing statement of facts as follows, to wit:

" First question.  Can such a judgment rendered under the act of March 3, 1887, in the Circuit or District Court, be brought before this court for review in any other mode than as provided in section 707 of the Revised Statutes for the review by the Supreme Court of judgments of the Court of Claims, to wit, by appeal ?

" Second question.  Did the act of July 31, 1894, above re-

ferred to, *ex proprio vigore* create a vacancy in the office of clerk of the Circuit Court for the Eastern District of Michigan, by reason of the fact that at the time of its taking effect the then lawful incumbent of that office was also holding the office of clerk of the Circuit Court of Appeals of the Sixth Circuit?

"Third question. Does the general rule, that officers *de facto* may not recover by suit compensation for services rendered as such, apply to a case in which the incumbent holds his office by the continued assent and approval of the sole appointing power, under a *bona fide* claim of title to the office, when no other person has at any time made any claim of title thereto, and when the only defects in his title are a failure on the part of the appointing power to make a formal reappointment and a failure on the part of the incumbent formally to requalify after a technical vacation of the office originally held by him under a valid appointment and qualification?"

*Mr. Assistant Attorney General Pradt* and *Mr. E. C. Brandenburg* for the United States.

*Mr. Edwin F. Conely* for Harsha.

MR. JUSTICE GRAY delivered the opinion of the court.

This suit being an action at law under the act of March 3, 1887, c. 359, the judgment of the District Court therein was, as has been directly adjudged by this court, reviewable by the Circuit Court of Appeals upon writ of error. 24 Stat. 505 ; *Chase* v. *United States*, 155 U. S. 489 ; *United States* v. *King*, 164 U. S. 703. The first question certified must therefore be answered in the affirmative.

Mr. Harsha was appointed and qualified as clerk of the Circuit Court on June 6, 1882, and has ever since performed all his duties as such.

On June 16, 1891, he was appointed and qualified as clerk of the Circuit Court of Appeals. On February 24, 1894, he presented to the judges of that court his resignation of the

office of clerk thereof; and his resignation was accepted by them on October 2, 1894. From his appointment until the acceptance of his resignation he performed all the duties and received the salary of the clerk of that court.

In 1893, it was adjudged by the Circuit Court of Appeals, affirming a judgment of the Circuit Court, in an action brought by Mr. Harsha against the United States for services as clerk of the Circuit Court during the last half of 1891 and the first half of 1892, that his acceptance of the office and receipt of the salary as clerk of the Circuit Court of Appeals during that period did not vacate the office of clerk of the Circuit Court, or deprive him of the right to the compensation then sued for. *United States* v. *Harsha*, 16 U. S. App. 13.

The subject of the present suit is the right of Mr. Harsha to recover compensation for his services as clerk of the Circuit Court during the first quarter of the year 1895.

On July 31, 1894, Congress, by a provision inserted in the middle of a general appropriation act, and as an addition to a section relating to the pay of assistant messengers, firemen, watchmen, laborers and charwomen, enacted as follows: " No person who holds an office, the salary or annual compensation attached to which amounts to the sum of two thousand five hundred dollars, shall be appointed to or hold any other office to which compensation is attached, unless specially heretofore or hereafter specially authorized thereto by law; but this shall not apply to retired officers of the Army and Navy whenever they may be elected to public office or whenever the President shall appoint them to office by and with the advice and consent of the Senate." Act of July 31, 1894, c. 174, § 2 ; 28 Stat. 162, 205.

The second question certified by the Circuit Court of Appeals ·to this court is · whether this act, *ex proprio vigore*, created a vacancy in the office of clerk of the Circuit Court, " by reason of the fact that at the time of its taking effect the then lawful incumbent of that office was also holding the office of clerk of the Circuit Court of Appeals."

The provision of the act in question, so far as concerns the question now before this court, is simply this: " No per-

son who holds an office, the salary or annual compensation attached to which amounts to the sum of two thousand five hundred dollars, shall be appointed to or hold any other office to which compensation shall be attached." If the appointment to the other office were made after the passage of the act, it might well be held to be void, leaving the person in possession of the first office. But when, at the time of the passage of the act, a person is holding two offices, to each of which compensation is attached, and the compensation of either or both of which is by an annual salary, the act does not say which of the two offices he shall be deemed to have resigned, or which of the two he shall continue to hold. If the compensation of each office were a fixed salary of two thousand five hundred dollars or more, an election by the incumbent would be the only possible method of determining which office he should continue to hold. He must have the same right of election between the two offices, when one is paid by a fixed salary and the other by fees. The act, while it makes the two offices incompatible for the future, does not undertake to compel the defendant to give up the office which is paid by fees, when he prefers to hold that office and to give up the one which is paid by a salary.

At the time of the taking effect of the act, Mr. Harsha was actually holding under lawful appointments, and was performing the duties of, two offices, that of clerk of the Circuit Court, paid by fees, and that of clerk of the Circuit Court of Appeals, paid by a salary of three thousand dollars. He never showed any intention of resigning or abandoning the former office; and he had done all that he could to get rid of the latter office, by presenting his formal resignation thereof to the judges five months before the passage of the act, and never attempting to recall that resignation. Even if his resignation of this office could not take full effect until accepted, yet such resignation, coupled with his unequivocal intention to retain the other office, prevented the act of Congress from creating, of its own force, and independently of any action of his, a vacancy in that office. The fact that so long as his resignation of the one office had not been accepted, and while he

continued to perform the duties of both offices, he claimed the compensation attached to both — whether this was owing to his overlooking the provision in question, or to his own understanding of its effect — has no tendency to show that he elected to retain the office which he had resigned and to give up the other.

The second question certified must therefore be answered in the negative, and the third question becomes immaterial.

*Ordered accordingly.*