## UNITED STATES v. NAPOLEON et al.

(Circuit Court of Appeals, Fifth Circuit. February 26, 1924.)

No. 4142.

1. **Courts ⬅302—District Court had jurisdiction of suit against United States on insurance policy.**

Federal District Court had jurisdiction of a suit against the United States on a certificate of insurance issued by the Bureau of War Risk Insurance, in view of War Risk Insurance Act, § 13, as amended May 20, 1918 (Comp. St. 1918, Comp. St. Ann. Supp. 1919, § 514kk) Judicial Code, § 24(20) (Comp. St. § 991), and Tucker Act, § 5 (Comp. St. § 1575).

2. **Army and navy ⬅51½, New, vol. 12A Key-No. Series—Petition by beneficiary under certificate of war risk insurance held to show plaintiffs entitled to proceeds.**

A petition in a suit against United States on a certificate of war risk insurance, which alleged that plaintiffs were the sole beneficiaries of a duly probated will, sufficiently alleged a designation of them as beneficiaries under War Risk Insurance Act, § 402, as amended June 25, 1918 (Comp. St. 1918, Comp. St. Ann. Supp. 1919, § 514uuu), although the will was not

exhibited, and it was not alleged that the insurance was specially mentioned in it.

**3.** Army and navy ⚖═51½, New, vol. 12A Key-No. Series—Statute as to eligibility as beneficiaries of war risk insurance held to apply to certificate of one dying before its passage.

The amendment of December 24, 1919, to War Risk Insurance Act, § 22, as amended June 25, 1918 (Comp. St. Ann. Supp. 1923, § 514mmm), placing certain persons in the list eligible for designation as beneficiaries, *held* to apply where insured died October 12, 1918.

**4.** Army and navy ⚖═51½, New, vol. 12A Key-No. Series—Motion that certain persons be made parties in action on certificate of war insurance held properly denied.

In an action against the United States on a certificate of war risk insurance by aunt of insured and her daughter, who had stood in loco parentis, motion made by answer that certain persons claiming to be the father and brothers and sisters of the insured be made parties was properly denied, since any state of facts could be asserted defensively that went to show that liability for the insurance was to some one else rather than to the plaintiffs.

**5.** Action ⚖═69—Suit on certificate of war risk insurance should have been stayed pending determination of probate proceeding in state court

In a suit by sole beneficiaries under a will of one carrying war risk insurance, the District Court erred in denying a motion to stay the suit pending the determination of a statutory proceeding in state probate court to revoke the probate of the alleged will of the insured; the judgment of the probate court being by state statute conclusive as to the validity of a will of personalty. Rev. Gen. St. Fla. 1920, § 3609.

**6.** Wills ⚖═421—Judgment of probate court not subject to collateral attack.

A judgment of the probate court is conclusive as to the validity of a will of personalty under Rev. Gen. St. Fla. 1920, § 3609, and is not subject to collateral attack elsewhere.

**7.** Army and navy ⚖═51½, New, vol. 12A Key-No. Series—Judgment in action at law for future insurance installments erroneous.

In an action at law on a certificate of war risk insurance against the United States, a judgment for plaintiffs to be paid in 240 equal monthly installments was erroneous under Tucker Act, § 4 (Comp. St. § 1574), since, in an action at law for the recovery of money due in installments under a single contract, judgment may be had for such installments only as are due when suit is brought.

**8.** Army and navy ⚖═51½, New, vol. 12A Key-No. Series—Provision as to attested writing of change of beneficiary held not to relate to changes by last will.

A regulation passed by virtue of War Risk Insurance Act, §§ 13, 403 (Comp. St. 1918, Comp. St. Ann. Supp. 1919, §§ 514kk, 514v), to the effect that every change of beneficiary shall be made in writing signed by the insured and witnessed by at least one person, relates to changes of beneficiary otherwise than by last will, and so construed is not void.

In Error to the District Court of the United States for the Southern District of Florida; Rhydon M. Call, Judge.

Action by Rena Napoleon, and another against the United States. Judgment for plaintiffs, and defendant brings error. Reversed and remanded.

Wm. M. Gober, U. S. Atty., of Tampa, Fla., Maynard Ramsey, Asst. U. S. Atty., of Jacksonville, Fla., and Edward H. Horton, Associate Counsel, U. S. Veterans' Bureau, of Washington, D. C., for the United States.

Martin H. Long, of Jacksonville, Fla., for defendants in error.

⚖═For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

Before WALKER and BRYAN, Circuit Judges, and SIBLEY, District Judge.

SIBLEY, District Judge. Rena and Rosa Napoleon brought a suit at law in the District Court of their residence against the United States on a certificate of insurance for $10,000 issued on September 30, 1918, by the Bureau of War Risk Insurance to James Willie Williams, a soldier. The petition alleged that the insured died a resident of Florida October 12, 1918; that Rena was the aunt of the insured, had cared for him from childhood, and stood in loco parentis; that Rosa is Rena's daughter, and that insured left a will probated in Florida May 31, 1921, which named petitioners as sole beneficiaries. Service was made, and trial had under the unrepealed sections 4, 5, 6, and 7 of the Tucker Act of March 3, 1887 (Comp. St. §§ 1574–1577) resulting in judgment for plaintiffs. A writ of error has been taken to this court under authority of United States v. Harsha, 172 U. S. 567, 19 Sup. Ct. 294, 43 L. Ed. 556. Errors are assigned in the overruling of demurrers, and of a motion to stay the case pending the trial of a proceeding in the probate court to revoke the probate of the insured's will, in the refusal to make parties of certain persons alleged to be the father and brothers and sisters of the insured, and in the making of a judgment in petitioners' favor for the full sum of $10,000, payable in monthly installments.

[1] A demurrer questions the jurisdiction of the District Court. By section 13 of the War Risk Insurance Act as amended May 20, 1918, it is provided:

"In the event of disagreement as to a claim under the contract of insurance between the bureau and any beneficiary or beneficiaries thereunder an action on the claim may be brought against the United States in the District Court of the United States in and for the District in which such beneficiaries or any one of them resides." Comp. St. 1918, Comp. St. Ann. Supp. 1919, § 514kk.

This provision, as well as Judicial Code, § 24 (20) (Comp. St. § 991), read in connection with section 5 of the Tucker Act, abundantly upholds the jurisdiction of the court.

[2, 3] A general demurrer further contends that sufficient facts are not pleaded to show liability to the petitioners as beneficiaries. Under section 402 of the War Risk Insurance Act as amended June 25, 1918—

"The insurance shall be payable only to a spouse, child, grandchild, parent, brother, or sister, and also during total and permanent disability to the injured person, or to any or all of them. * * * If no beneficiary within the permitted class be designated by the insured, either in his lifetime or by his last will and testament, or if the designated beneficiary does not survive the insured, the insurance shall be payable to such person or persons within the permitted class of beneficiaries as would under the laws of the state of the residence of the insured be entitled to his personal property in case of intestacy." Comp. St. 1918, Comp. St. Ann. Supp. 1919, § 514uuu.

The certificate sued on discloses no designated beneficiary. It would, therefore, without more be payable to the persons who would in Florida inherit his personal property, and petitioners do not aver that they are such persons. But they do allege that they are the sole beneficiaries of a duly probated will. We think this alleges a designation of them under the provisions of the act, although the will is not exhibited, and

it is not alleged that the insurance is specially mentioned in it. When a legacy is made by a will sufficient in its terms to carry the insurance money if it had belonged to the testator's estate, it is sufficient to show the testator's solemn preference that the legatee be its recipient rather than the next of kin, and this preference so expressed is sufficient to displace the next of kin, who was designated by the statute only because no one else had been designated. We rule nothing as to what would be requisite in a designation other than by last will. The legatee, however, must be of the permitted class, and at the date of this certificate and of its maturity by death the petitioners were not eligible for designation. Before suit, however, by the Act of December 24, 1919 (Comp. St. Ann. Supp. 1923, § 514 mmm), the terms "father and mother" were made to include persons who have stood in loco parentis for a period of one year at any time before the enlistment of the insured, and the children of such were included in the terms "brother and sister." Aunts, also, were placed in the class of permitted beneficiaries. This act, with a proviso noted below, was to be "deemed to be in effect as of October 6, 1917." It is therefore to be treated as forming part of this certificate, and under it both Rena and Rosa were capable of designation. As against a general demurrer, the petition was good.

[4] The motion made by the answer, and by an amendment of it, that certain persons claiming to be the father and brothers and sisters of the insured be made parties, was properly denied. Relief by way of interpleader may be had in a suit at law under Judicial Code, 274 (b) (Comp. St. § 1251b), allowing equitable defenses in law cases. Liberty Oil Co. v. Condon Bank, 260 U. S. 235, 43 Sup. Ct. 118, 67 L. Ed. 232. The practical obstacles are less under the Tucker Act than in ordinary suits. But the pleadings here involved do not make the necessary allegations, nor pray for that relief. Yet without an award of interpleader, or the making of new parties, any state of facts could be asserted defensively that went to show that the liability for the insurance was to some one else rather than to the petitioners. For that purpose, the allegations as to the survival of the father of the insured should have been allowed.

[5, 6] Before entering on the trial, the court was moved to stay it pending the determination of a statutory proceeding in the probate court to revoke the probate of the alleged will of the insured, which was shown to have been instituted by persons claiming to be his brothers and sisters. The courts of the United States are themselves without probate jurisdiction, and must allow the question of devisavit vel non to be settled in the state tribunals. Farrell v. O'Brien, 199 U. S. 89, 25 Sup. Ct. 727, 50 L. Ed. 101. The judgment of the probate court is by a Florida statute made conclusive as to the validity of a will of personalty (General Statutes of 1920, § 3609), and is not subject to collateral attack elsewhere (Thomas v. Williamson, 51 Fla. 332, 40 South. 831), and such is the general rule (28 R. C. L. § 376). Whether a direct attack in the probate court ipso facto vacates the probate (Johnson v. Brewn, 277 Mo. 392, 210 S. W. 55), or suspends it (Edmondson v. Carroll, 2 Sneed [Tenn.] 679), or merely raises a situation of doubt whether the final decision will uphold the will or not, another court hav-

ing no right to determine the question for itself ought to suspend an inquiry which depends on the validity of the will as such until that question is determined by the proper tribunal. Hooks v. Brown, 125 Ga. 122, 53 S. E. 583. The District Court erred in not so doing in this case.

The signed letter relied on as a will, if finally probated, is, we think, sufficient to show an intent to pass the estate of the maker to Rena and Rosa in equal shares. It would support their claim to be sole beneficiaries. Whether the evidence sufficiently shows Rena to be in loco parentis under the act so as to entitle her child Rosa to be designated as a beneficiary we do not decide, as another trial will be had, and the evidence thereat may not be the same.

[7] The judgment signed in petitioners' favor for $10,000, to be paid in 240 equal monthly installments, is erroneous as to amount. This is an action at law which is permissible under the Tucker Act. See section 4; Chase v. United States, 155 U. S. 489, 499, 15 Sup. Ct. 174, 39 L. Ed. 234. In a suit at law for the recovery of money due in installments under a single contract, judgment may be had for such installments only as are due when suit is brought. 1 C. J. 1112, 1148; Carter-Crume Co. v. Peurrung, 99 Fed. 888, 40 C. C. A. 150, affirming (C. C.) 110 Fed. 107. Should these petitioners die before the accrual of all the installments, the right to recover then would, under the law, pass to others. Again, should it appear, as the present evidence seems to indicate, that the father and brothers and sisters of the insured are in life, they were the persons entitled to the insurance installments until the amending act of December 24, 1919, made Rena and Rosa capable of designation. While that act was to be deemed in effect as of October 6, 1917, there was a proviso added that:

"Nothing herein shall be construed to interfere with the payment of the monthly installments authorized to be made under the provisions of said 'War Risk Insurance Act, as originally enacted and subsequently amended, up to and including the second calendar month after the passage of this act." Comp. St. Ann. Supp. 1923, § 514uuu¾.

Therefore installments due prior to March, 1920, whether actually paid or not, are not to be interfered with under this amendment, but are to be dealt with as though the amendment had not been made. Rena and Rosa would not be entitled to recover these installments.

[8] The contention is made that further installments due up until the time notice was given of the petitioners' claim just prior to suit would follow the same course, under regulation No. 14, as to change of beneficiaries, dated March 20, 1918, as follows:

"By virtue of the authority conferred in sections 13 and 403 of the War Risk Insurance Act, the following regulation is issued relative to making a change of beneficiary:

"(1) Every change of beneficiary shall be made in writing and shall be signed by the insured and be witnessed by at least one person. No change of beneficiary shall be valid unless and until it is recorded in the Bureau of War Risk Insurance. A change of beneficiary shall, wherever practicable, be made upon blanks prescribed by the Bureau.

"(2) A change of beneficiary may be made by last will and testament. Payments of installments of insurance shall be made to the beneficiaries last of record in the Bureau until the Bureau receives notice of such change. In the

absence of any beneficiary of record, payments shall be made according to the laws of intestacy, as provided in article IV, until the Bureau receives notice that a beneficiary was designated by last will and testament."

On the other hand, it is contended that the regulation is void because in contravention of the statute. This regulation was made before the certificate sued on, and is referred to in the latter as a part of the insurance contract. We think its first paragraph requiring an attested writing recorded in the Bureau of War Risk Insurance relates to changes of beneficiary otherwise than by last will, and, so construed, it may stand. A will, of course, may be nuncupative and without writing, or holographic and without attestation, or, as in Florida, a signed will of personalty may need no witnesses. Paragraph 2, which does cover changes of designation by last will, is inapplicable here because the payments before notice which it seeks to protect are payments that have been actually made before notice, and none have been made here. The regulation is valid, but without effect upon the rights of these litigants.

The judgment is reversed, and the cause is remanded for further proceedings not inconsistent with this opinion.

Reversed.