# Mayer *v.* Kornegay, *et al.*

### *Petition to Sell Lands to Pay Debts.*

(Decided Nov. 14, 1907.    44 So. Rep. 839.)

1. *Judgment; Conclusiveness.*—Where a petition by an administrator for the sale of lands to pay debts is dismissed on a hearing on the testimony taken, such judgment is res judicata of a similar petition thereafter filed, such dismissal not being analagous to a non suit.

2. *Same; Matters Concluded.*—The status at the time the former decree was rendered is presumed to continue until the contrary is shown, and the matters so concluded remain concluded until a different status is shown.

3. *Same; Sufficiency of Allegations to Show Change of Status.*— Where the plea to a petition showed that a similar petition had on a former hearing been dismissed for failure to show that the personal property was insufficient to pay the debts of the estate, a replication thereto merely stating that there was not suffificient property to pay the debts was not a statement of facts sufficient to enable the court to judge whether the status of the estate had been changed since the former decree so as to overcome the presumption that its status continued, as under the former decree.

APPEAL from Marengo Probate Court.

Heard before Hon. A. L. HASTY.

Petition by Morris Mayer, administrator of the estate of Allen Kornegay, for the sale of land of his in-

intestate for the payment of debts. The petition was contested by Thornton Kornegay and others, heirs of Allen Kornegay. From a decree dismissing the petition, the administrator appeals. Affirmed.

Morris Mayer, as administrator of the estate of Allen Kornegay, filed his petition, containing the necessary statutory averments, seeking the sale of certain lands belonging to his intestate for the payment of the debts of said estate. In contestation of the application the heirs filed the following plea: "That the application should be denied and a decree rendered dismissing such petition on the following ground, to-wit: That on the 11th day of December, 1903, Mayer, as administrator of the estate of Allen Korengay, deceased, filed a petition in the probate court of Marengo county, Ala., which petition was in words and figures as follows: [Here follows a copy of the petition.] That on the 13th day of March, 1905, the said Mayer duly appeared by his attorney of record, and the minor heirs and Evaline Kornegay, who is of unsound mind, were duly represented by B. F. Gilder, as guardian ad litem, and the contestants were duly represented by their attorney of record, and a trial was had in said cause, and the probate court rendered the following decree, which is in words and figures as follows: [Here follows a copy of the decree dismissing the petition for failure of the administrator to show that the personal property belonging to the estate was not sufficient to pay the debts of said estate, and for a failure to show that it was necessary to sell the said lands for the payment of the debts.] And contestants aver that the parties are the same as in the present application, except that Ruffin Kornegay has since died without issue; that the said probate court of Marengo county, Ala., is a court of competent jurisdiction of the matters involved in said

cause of action; that the decree rendered dismissing the said cause out of said court was rendered after the merits of said cause had been considered by the court; that said application sought to have sold the same land for the payment of debts as in the present application. And contestants aver that at the time the debts claimed to be owing by said Korengay, deceased, were a debt due Mayer Bros. and a debt due John C. Webb, and that the said debt now claimed to be due by the said Kornegay, deceased, is the same debt due John C. Webb, which debt the said Webb has since that time reduced to a judgment, and the debt claimed to be due and owing the said Mayer Bros. has been transferred to one J. F. Compton, who has reduced the same to judgment. And contestants aver that these are the same debts that were claimed to be due and owing when said former trial was had on the 13th day of March, 1905, and were in issue at said former trial." The guardian ad litem filed a plea of similar import. The following demurrers were interposed to the pleas: "(1) Because it shows on its face that the judgment of the court rendered March 13, 1905, was not a final judgment on the merits. (2) Because it shows on its face that the judgment on March 13, 1905, was a judgment of dismissal only, and not a final judgment. (3) Because it shows on its face that the judgment on March 13, 1905, is a nonsuit, and not pleadable as res adjudicata. (4) Because it shows on its face that the judgment of March 13, 1905, was on the facts as presented at the time of trial, that the fact not proven was the failure to show 'that the personal property was not sufficient to pay the debts of said estate,' and that this failure applied only to the time of trial, and does not apply to the time of filing of this application. (5) Because said plea fails to allege that there is personal property sufficient to pay the debts

of the estate. (6) Because it is shown that the matters and things alleged therein are not res adjudicata, and that said judgment is conclusive only of the status at the time of the trial, and the plea is set up as an answer to a petition setting up an entirely different status at an entirely different time." These demurrers being overruled; the petitioner filed the following replications: "That after said judgment of dismissal was rendered John C. Webb and James F. Compton did sue in the circuit court of Marengo county, Ala., a court having jurisdiction of said claims, and did during the fall term of said circuit court in the year 1905 recover judgments in said circuit court for said debts, as will appear from the certified copies of the said judgments attached to the petition to sell said lands, and said judgments are subsisting debts against the said estate; and he avers that there is now no personal property belonging to said estate suficient to pay the said judgments." The following demurrers were interposed to this replication by the guardian ad litem and the other contestants: "(1) Said replication is no answer. (2) No facts are alleged that show that the debts now sought to be paid are not the same debts which were formerly sought to be paid in this cause. (3) It fails to show that there are any new debts against said estate since the trial of this cause before. (4) It fails to show that there is not now the same amount of personal property belonging to said estate as there was at the former trial of this cause. (5) It fails to show that there has been any loss or destruction of the personal property belonging to said estate since the last trial of said cause." Demurrers were sustained to said replication, and the application was dismissed.

TAYLOR & HEARIN, for appellant.—The judgment was a judgment of dismissal or non suit and not a final judgment or decree to support the plea of res adjudicata. Section 168, Code 1896.—*State ex rel. Craft v. Williams,* 131 Ala. 56. Dismissal under a code procedure is equivalent to a non suit in actions at law.— 6 Cyc. P. & P. 828-9. It is the final ending of the suit, not a final judgment of the controversy.—6 Ency. P. & P. 875; 14 Cyc. 391; *Taft v. N. T. Co.,* 56 N. H. 417. It is not the equivalent of a retraxit.—*Bullock v. Perry,* 2 S. & P. 319. Judgment of non suit and dismissal cannot be held as res adjudicata.—*Mobile L. & R. R. Co. v. Hanson,* 135 Ala 284; *State ex rel. Craft v. Williams,* supra.

J. M. MILLER, for appellee.—The court rendered the only decree it could have rendered.—Section 168, Code 1896. The plea of res adjudicata was good.—*Ford v. Ford,* 68 Ala. 141; *McAuley v. Robinson,* 70 Ala. 433; *Chardovoyne v. Lynch,* 82 Ala. 376; *Wood v. Wood,* 134 Ala. 567; 143 Ala. 656.

SIMPSON, J.—This was a petition by the appellant for the sale of the lands of his intestate for the payment of debts. A plea of res adjudicata was filed, showing that a similar petition had been previously filed, and, on hearing and after taking testimony, was by decree of the court dismissed. A demurrer to said plea was by the court overruled. The appellant then filed a replication, to which a demurrer was interposed, and the court sustained the demurrer. The assignments of error relate entirely to the action of the court in overruling the demurrer to the plea and in sustaining the demurrer to the replication.

[Mayer v. Kornegay, et al.]

The appellant insists that a dismissal is analogous to a non suit, and it is not res adjudicata. The authorities cited refer to a voluntary nonsuit or dismissal, and have no application to a dismissal on hearing, which is more analagous to a dismissal on the merits by a court of chancery. The dismissal is a determination of the case on its merits. Civil Sode of 1896, § 168; *Ford v. Ford's Adm'r.* 68 Ala. 141; *McCalley v. Robinson's Adm'r,* 70 Ala. 432.

While it is true that the res adjudicata is as to the status at the time the former decree was rendered, yet the status is presumed to continue until facts are alleged and proven which have brought about a change in the status.—*McCalley v. Robinson's Adm'r.,* 70 Ala. 434. In the case of *State ex rel. Craft, Adm'r. v. Williams, Judge of Probate,* 131 Ala. 56, 30 South. 782, 90 Am. St. Rep. 17, a decree had been granted, on the application of the administrator, to sell the lands of the estate for the payment of debts; but no action was taken on it, and after some of the debts had become barred by the statute of limitations, the lands were sold on proceedings for partition among the heirs. Subsequently the administrator de bonis non sought to revive the decree, and the purchaser was allowed to intervene for the purpose of resisting the motion to revive. The facts, as above stated, being alleged and proven, this court properly decided that the previous decree was res adjudicata as to the status at the time the decree was rendered, but that the facts alleged and proved showed that the status had been so changed that the necessity did not exist for the sale, and affirmed the decree of the probate court denying the revivor.

The replication in this case merely states that "there is now no personal property belong to said estate sufficient to pay the said debts.' The replication does not

[Mayer v. Kornegay, et al.]

allege facts from which the court could judge whether or not the status of the estate has been changed, since the former decree, as to authorize the court to grant the petition for sale. The demurrer to the plea was properly overruled, and the demurrer to the replication was properly sustained. The decree of the court is affirmed.

Tyson, C. J. and Anderson and Denson, JJ., concur.