# St. Louis & S. F. R. R. Co. *v.* Hall.

## *Assumpsit.*

(Decided April 16, 1914.   65 South. 33.)

1. *Judgment; Conclusiveness; Dismissal for Discontinuance.*— Where the trial court had dismissed a former suit brought against defendant and a third party jointly, after plaintiff had amended his complaint by striking out the other defendant, on the ground that plaintiff had discontinued as to both by striking one, the dismissal was a discontinuance and not a judgment on the merits, and therefore, not a bar to a subsequent action.

2. *Assumpsit; Effect of Express Contract; Specific Sum.*—Where the evidence showed an express contract to do certain work for a stipulated sum, and that the work had been done according to contract, the contractor could recover for the same under the common counts for work and labor.

3. *Corporations; Authority of Agent; Evidence.*—The evidence examined and held sufficient to show that the contractor was justified in assuming that the agent had the authority to make the contract.

4. *Principal and Agent; Apparent Authority of Agent.*—The authority of an agent is what it reasonably appears to be to those with whom he deals.

5. *Contracts; Railroad Construction; Waiver.*—The fact that an oral contract for the grading of a spur track was conditioned upon the railroad securing deeds for the right of way, and that the railroad company objected to certain of the deeds, would not bar recovery by the contractor where it appeared that the effort to secure the

deeds was abandoned because the railroad had no further use for the track.

6. *Charge of Court; Effect of Evidence.*—Where there was no dispute as to the amount due under the contract, if the contract was binding, the charge asserting that under the evidence plaintiff was entitled to recover the contract price, or he was not entitled to recover anything, was not a charge upon the effect of the evidence.

7. *Same; Explaining Written Charge.*—As explanatory of a written charge given regarding the necessity of plaintiff to show complete performance of his contract, the court had a right to instruct the jury orally in respect to the propriety of considering certain evidence in that connection, as the oral charge did not limit or extend the effect of the written charge, but only explained it.

APPEAL from Walker Circuit Court.

Heard before Hon. J. J. CURTIS.

Assumpsit by W. Ed. Hall against the St. Louis & San Francisco Railroad Company. Judgment for plaintiff and defendant appeals. Affirmed.

BANKHEAD & BANKHEAD, for appellant. The demurrers should have been overruled as to the second plea. —*Mayer v. Kornegay*, 152 Ala. 650. The demurrers to complaint should have been sustained.—*Hartsell v. Masterton*, 132 Ala. 275. All of the counts being upon the common count, no recovery could be had on proof of the special contract. The court violated the provisions of § 5362, Code 1907, in his direction to the jury that plaintiff was entitled to recover all the claim or nothing.—*Gaynor v. L. & N.*, 136 Ala. 244. The qualification of the written charge was also in violation of the above section of the Code.—*Eiland v. State*, 52 Ala. 322; *Burton v. State*, 115 Ala. 1; *Martin v. Massey*, 127 Ala. 504.

D. A. McGREGORY, and GRAY & JONES, for appellee. The action of the court amounted to a discontinuance and was not a bar to a subsequent action.—*Smith v. Blakney*, 8 Port. 128; *Curtis v. Gaines*, 46 Ala. 455; *Torrey v. Forbes*, 94 Ala. 135. Where the contract pro-

vides for certain work and the payment of a fixed price therefor, such sum may be recovered under the common count for work and labor where the agreement has been fully executed, and nothing remains but the payment of the price.—*Jonas v. King*, 81 Ala. 285; *Stafford v. Sibley*, 106 Ala. 189. An agent's authority is what it reasonably appears to be to those having dealings with him.—*Louisville Co. v. Stokes*, 78 Ala. 374; *Wheeler v. McGuire*, 86 Ala. 402; *Gibson v. Snow Hdw. Co.*, 94 Ala. 346; *Syndicate Co. v. Catchings*, 104 Ala. 188. There was no error in the charges of the court.

SAYRE, J.—Plaintiff (appellee) brought this suit to recover the agreed price of some grading he had done in the construction of a spur track intended to connect the main line of defendant's railroad with certain coke ovens which the Palos Coal & Coke Company proposed to operate. Defendant pleaded in bar that plaintiff had formerly brought a suit on the same account against this defendant and the Palos Company, and that, after evidence had been taken, and, upon plaintiff amending his complaint by striking out the Palos Company as party defendant, the former suit had been dismissed by the court. The trial court sustained a demurrer to this plea.

Appellant's insistence is that the dismissal shown by the plea was a dismissal on the merits and was an adjudication in its favor of the asserted cause of action, citing *Mayer v. Kornegay*, 152 Ala. 650, 44 South. 839. The case is not authority for the contention here. In that case a petition by an administrator for the sale of lands for the payment of debts was dismissed at the hearing upon the proof—clearly an adjudication upon the merits. Here the judgment pleaded was evidently rendered upon the theory that by dismissing as to the

Palos Company plaintiff had discontinued as to its co-defendant sued on a joint cause of action.—*Jones v. Englehardt*, 78 Ala. 505. Otherwise, after issue joined and evidence taken, the court was without authority to dismiss the suit. A discontinuance does not operate as a bar to a future action.—*Bullock v. Perry*, 2 Stew. & P. 319; *Coaldale Brick & Tile Co. v. Southern Construction Co.*, 110 Ala. 605, 19 South. 45. The court did not err in sustaining the demurer.

The complaint was upon the common counts for work and labor done. The evidence tended to show an express contract to do certain work for a stipulated sum, that plaintiff had done the work according to contract, and that nothing remained but the payment of the agreed price in money by the defendant. Such being the case, plaintiff was entitled to recover the price on the common counts.—*Jonas v. King*, 81 Ala. 285, 1 South. 591.

Defendant denied that it had entered into any agreement with plaintiff for the work, and this raised the only question of apparent difficulty in the record. The evidence for plaintiff tended to show a parol contract with one Lightner. Lightner was defendant's general agent for the territory within which the work was done, except that the authority to let construction contracts was delegated in general to defendant's district engineer. Lightner, according to defendant's evidence, had no such authority. The spur track, about four-fifths of a mile in length, was designed to give the product of certain coke ovens of the Sheffield Coal & Iron Company, which the Palos Company proposed to take over and operate, access to transportation over the main line of defendant's railroad, and was a desideratum all around. These companies were negotiating with reference to the terms upon which the spur was to be con-

structed and used, Lightner acting for the defendant. There had been no formal agreement, that being deferred until the Palos Company could procure a right of way, but it was commonly understood between the parties that the agreement, when executed, would provide that the Palos Company should furnish a right of way and the metal to build the spur which was to be constructed by defendant and was to become defendant's property. Pending this negotiation, plaintiff applied to both defendant and the Palos Company for a contract, and, as his testimony went to show, after parley which need not be stated, he reached an informal verbal agreement with Lightner to do the work for the round sum claimed in the complaint. Nothing was said at the time as to which company Lightner assumed to represent, and it seems probable that plaintiff did not know which company would pay for the work, and that to him it was a matter of indifference. Thereafter plaintiff did the grading according to his agreement, but for reasons that will appear the track has never been laid. In view of the evidence tending to prove that Lightner had no express authority to bind defendant by contract for construction work, it may be conceded that on the facts so far stated, without more, plaintiff would not be entitled to recover of defendant.

It is, however, to be taken into consideration that defendant's managing vice president knew the spur track was being built by plaintiff, that its engineers superintended the construction, and that all of them must have known the work was being done under an agreement of some sort with Lightner. But defendant seems to answer the inference from these facts by a contention that comes to this: That it expected to pay for the spur track in the event only the negotiation between it and the Palos Company resulted in an agreement to

that effect, and since plaintiff did not look particularly to it for payment, but to whichsoever of the companies might, by agreement among themselves, assume to pay, his implied contract depended upon the condition that there should follow a perfected agreement between the negotiating companies, and cannot be sustained because it appeared without dispute that, pending plaintiff's performance of the work, the Palos Company abandoned its running operations, its proposed use of the coke ovens, and the negotiations for a spur track, when it happened that an explosion of gas wrecked its mine.

This contention, whatever its merit as an independent proposition, could not avail defendant to take the case from the jury as for a failure of proof, for the reason that after the explosion plaintiff, apprehensive in regard to the uncertainty of his position, went to Lightner for information, and then Lightner told him that the explosion made no difference; that the work was for defendant, and would be beneficial to it whether the Palos Company continued to exist or not, and told him to finish the work and he would be paid by defendant when it got deeds to the right of way. Subsequently defendant's engineers gave further directions about the work, and received it upon completion as done in compliance with the contract. This, of course, on plaintiff's version of the facts. It may be that these agents of defendant had no authority for their acts in the premises, but they were agents, very clearly, and the authority of an agent, as to those with whom he deals, is what it reasonably appears to be.—*Syndicate Ins. Co. v. Catchings,* 104 Ala. 176, 16 South. 46. Upon the whole we think the evidence to which defendant objected was properly admitted, and that, the whole course of dealing between the plaintiff and defendant's agents considered, the jury were justified in finding that

Lightner on the last-mentioned occasion had authority to bind defendant to pay for the work plaintiff had done and was to do. First and last plaintiff had dealings about the construction of this spur track with various agents of defendant's among whom the authority to contract and the actual supervision of the work was divided up, there were no intervening contractors to whom the parties might naturally look, as in *Alexander v. Western Ry. Co.*, 179 Ala. 480, 60 South. 295, and *Alabama Western v. Bush,* 182 Ala. 113, 62 South. 89, and nothing could be more reasonable than that under these circumstances plaintiff might, in good faith and in the exercise of due prudence, assume that Lightner had the authority he pretended to have, nor was it fatal to plaintiff's case that this last agreement of Lightner was to get deeds to the right of way, and that defendant took exceptions to some deeds that had been gotten by the Palos Company, for the evidence goes to show quite satisfactorily that the effort to get deeds was abandoned for the sole reason that defendant had no use for the track after the Palos Company finally concluded to give over its coke-oven enterprise. For these reasons there was no error in refusing the general charges requested by defendant.

As a part of his oral charge the trial judge said to the jury that, under the evidence, plaintiff was entitled to recover $2,000, or he was not entitled to recover anything. Appellant complains that this was a charge upon the effect of the evidence, citing *Gaynor v. L. & N. R. R. Co.,* 136 Ala. 244, 33 South. 808. That case is not closely enough in point to control our ruling. Here the court did not direct the jury to find for one party or the other on any disputed issue. But, in substance, the statement was that if the jury should find for plaintiff, they should assess the damages as the undisputed posi-

tive evidence showed it ought to be assessed in that event.

We do not find that the court orally qualified or changed the legal effect in any respect of the written charge it had given on request on the subject of plaintiff's need to show a complete performance of his part of the contract. The court's oral statement, made in connection with the giving of the charge, laid before the jury an indepedent proposition with respect to the propriety of considering certain evidence in that connection, which did not at all limit or expand the legal effect of the charge. It explained, but did not qualify, the charge, and that the court had a right to do.—*Eiland v. State,* 52 Ala. 322.

We find no error, and the judgment will be affirmed. Affirmed.

ANDERSON, C. J., and MCCLELLAN and DE GRAFFENRIED, JJ., concur.