(129 So. 275)

### FAIR PARK AMUSEMENT CO. et al. v. KIMBROUGH.

#### 6 Div. 549.

Supreme Court of Alabama.

May 29, 1930.

Rehearing Denied June 26, 1930.

Stokely, Scrivner, Dominick & Smith, of Birmingham, for appellants.

Crampton Harris and Harold M. Cook, both of Birmingham, for appellee.

BROWN, J.

There was some evidence going to show that the injured workman voluntarily rendered services with the consent of the defendants, and which were accepted by them, and that they reserved the right to direct and control the workman in the performance of his work. These are the essentials of the common-law relation of master and servant, and the evidence is without dispute that the workman was paid a daily wage for his services.

This supports the conclusion and finding of the trial court, and necessitates the denial of the writ. Sloss-Sheffield Steel & Iron Co. v. Crim, 219 Ala. 148, 121 So. 408; Ex parte W. T. Smith Lumber Co., 206 Ala. 485, 90 So. 807.

The substance of the defense was that Parsons, who was Kimbrough's immediate superior, was an independent contractor, and not an agent or servant of the defendants. While it may be conceded that the weight of the evidence sustained this theory, yet there was some evidence that Parsons was a superintendent of some of the construction work, and the evidence and the legitimate tendencies support the conclusion that his assumed relation as an independent contractor was a mere subterfuge; that in fact he was superintendent of the work. Code 1923, § 7585; Sloss-Sheffield Steel & Iron Co. v. Crim, supra.

The amount of the award is sustained by the finding of fact, and, while there was no evidence showing that the workman had dependents, the fact of such dependents was averred in the complaint and was not denied in the answer of the Fair Park Amusement Company; its answer merely averring that "defendant denies that it had knowledge of plaintiff's dependents," and, so far as appears from the return to the writ of certiorari, the other defendant filed no answer.

Under these circumstances the trial court was justified in treating the averments of the complaint in this respect as confessed. The pertinent provision of the statute applicable here is that "within five days prior to the date fixed for the hearing of the controversy, the employer shall file a verified answer to the complaint setting up the facts which he relies on in defense thereof." Code 1923, § 7578.

The writ is therefore denied, and the petition is dismissed.

Writ denied; petition dismissed.

ANDERSON, C. J., and SAYRE and THOMAS, JJ., concur.