145 So. 577

## LAWRENCE et al. v. UNITED STATES FIDELITY & GUARANTY CO.

### 6 Div. 174.

Supreme Court of Alabama.
Jan. 12, 1933.

Rehearing Denied Jan. 27, 1933.

W. Emmett Perry, of Birmingham, for petitioners.

162

B. F. Smith, of Birmingham, for respondent.

**THOMAS, J.**

This is a petition for a common-law writ of certiorari under the Workmen's Compensation Act. Sections 7571, 7578, Code.

The error apparent urged is that an examination of the record will disclose that the trial court erred in rendering a judgment sustaining "defendant's plea of res adjudicata," and in holding that the rights vel non of the petitioners "were adjudicated in said former cause No. 70171 Circuit Court of Jefferson County," and that, "unless the filing of the plea of res adjudicata by the respondent and the joinder of issue thereon dispensed with the necessity of proof of the petition of Sidney Lawrence and Edward Lawrence, the Court erred in refusing to permit petitioners to introduce evidence in support of their petition."

Among other things, petitioners pray for "the clerk thereof to certify and send up to this Honorable Court, a transcript of the records and proceedings of said Circuit Court in said cause of Sidney Lawrence and Edward Lawrence vs. The United States Fidelity & Guaranty Company and Gould Contracting Company, being case No. 74212 in said Court."

It should here be said that this petition, a proceeding under the Workmen's Compensation Act, was filed by Sidney Lawrence and Edward Lawrence, minors, children of Willie Lawrence, deceased, in the circuit court of Jefferson county, Ala., against the United States Fidelity & Guaranty Company, a corporation, as the insurer of the Gould Contracting Company, for injuries to its employees arising under the Workmen's Compensation Act; that the said Willie Lawrence had been killed while working as an employee of the Gould Contracting Company.

The respondent, United States Fidelity & Guaranty Company, withdrew all of its pleas and other defenses, except plea 7, which is a plea of res adjudicata. Petitioners demurred to said plea, and their demurrers were overruled. Petitioners offered to prove the allegations of their petition, but such proof was denied by the trial judge.

Respondent, over the objection and exception of the petitioners, introduced into evidence the record of the circuit court of Jefferson county, in case No. 70171, same being a petition of one Idell Lawrence in her own behalf against the respondent, United States Fidelity & Guaranty Company, herein, and the Gould *Construction* Company, not the Gould *Contracting* Company. Petitioners insisted that said case by Idell Lawrence, and the decree thereon, did not render res adjudicata the petitioners' right to compensation under the Workmen's Compensation Law of the state of Alabama.

The trial court was convinced that said judgment in the case of Idell Lawrence rendered the question presented by the minors in the present suit res adjudicata, overruled demurrers to the plea, refused proof of the petition, and rendered a judgment denying compensation to the petitioners—the minor children and dependents of intestate.

From this judgment and decree, the petitioners bring the cause before this court by common-law certiorari to the circuit court of Jefferson county to review that action.

There is an agreed statement of facts as to the contents of the record in case No. 70171 in the circuit court of Jefferson county, and it is adverted to in the arguments of counsel. Richardson v. State, 204 Ala. 124, 85 So. 789; Birmingham Electric Co. v. Wood, 222 Ala. 103, 105, 130 So. 786. It contained the petition of the "spouse" or "widow," alleging the death of her husband while in the service of the Gould Construction Company; says "that she [petitioner] needs the services of a lawyer that she may perfect a lump sum settlement for and on account of the death of her husband"; and prays that she "may be authorized to employ an attorney under the terms of section 7 of the Act for the purpose of proceeding against the employer as authorized by section 28 of said act" of 1919 [Code, §§ 7542, 7578].

Authority was granted by one of the judges of the Tenth judicial circuit to employ W. E. Howard as counsel to represent petitioner.

The petition filed for said widow, in that behalf, recited the injury and death of the husband while working for said company; alleged the injury and death proximately arose from, out of, and in the course of his employment as aforesaid; averred that petitioner "being the lawful widow of said Willie Lawrence, that they had born to them, two minor children, one aged five, and the other six, and that she and the said children were dependent upon the said Willie Lawrence for support * * * and that according to said Act she and the said minor children would be entitled to compensation according to his average weekly earnings for a period of 300 weeks; * * * that the Defendant, United States Fidelity & Guaranty Company did at the time of said injury insure the defendant, the Gould Construction Company, against compensation losses, as provided for in section 7584 of the Code of 1928; said insurance covering the injuries sustained by the said Willie Lawrence, deceased."

The prayer invokes the assumption of jurisdiction that the defendant company and the said insurance carrier be required to plead, etc.; that there be decreed "the amount of compensation which petitioner would be entitled to; and further decree the time and manner of payment of same."

The judgment rendered recited that the plaintiff, Idell Lawrence, was represented by the counsel named in the former order or permission to employ counsel; that evidence was "introduced for and on behalf of both the plaintiff and the defendant"; that intestate came to his death from injuries sustained while in the employ of Gould Construction Company; that the court finds that the Gould Construction Company was a nonresident, and the "Court is in grave doubt as to whether plaintiff could ever proceed to a final conclusion in this suit"; that "all parties having agreed upon a compromise of a lump sum payment to the plaintiff in the sum of Two Hundred and Fifty Dollars for the benefit of herself and minor children, Sidney and Edward Lawrence, and in view of the extreme doubtful successful outcome to plaintiff in the prosecution of her cause, the Court is of the opinion that this settlement should be allowed. It is therefore, ordered, adjudged and decreed that an award and judgment be therefore made in this case in favor of the plaintiff, Idell Lawrence, and against the Gould Construction Company, a corporation, and United States Fidelity & Guaranty Company, a corporation, in the sum of Two Hundred and Fifty Dollars, and that this sum of money shall be paid by defendant, as aforesaid, the plaintiff herein. It is further ordered and decreed that upon payment of said amount to Plaintiff direct and in a lump sum, that the defendants herein shall be discharged from any other or further liability, obligation or responsibility arising out of," etc.

"Petitioners offered to prove by witnesses present in Court the allegations of their petition; the Court declined to permit such proof; petitioners excepted. The Court made its ruling, denying petitioners' offer to prove said petition upon the ground that said record in case No. 70171 and the judgment entered therein had theretofore adjudicated the rights of petitioners herein. This was all the evidence in said cause."

By the filing of the plea of res adjudicata, and no plea to the general issue or other verified answer denying the allegations of the petition, respondent has admitted such other allegations of fact, and, if the plea (No. 7 in this case) is not well taken, the cause should be reversed. Section 7578, Code of 1928, and authorities collected. Fair Park Amusement Co. v. Kimbrough, 221 Ala. 488, 129 So. 275.

Under the plea, in order for the judgment in the prior suit to render the question presented in this suit res adjudicata, the same issues of fact must have been involved, within the issues pleaded or which ought to have been litigated, between the same parties or privies, and applied to the parties or privies at the time of the rendition of that judgment. The rule stated in Crowson v. Cody, 215 Ala. 150, 153, 110 So. 46, 49, was: "Where the issues were broad enough to comprehend all that was involved in the issues of the second suit, the test is, not what the parties actually litigated, but what they might or ought to have litigated. This is necessary to a due observance of the rule against splitting the cause of action (McNeil v. Ritter Dental Mfg. Co., 213 Ala. 24, 104 So. 230), dividing the grounds of recovery, and relitigating the established or admitted facts. Terrell v. Nelson, 199 Ala. 436, 74 So. 929; McClarin v. Anderson, 104 Ala. 201, 210, 16 So. 639; McDonald v. Mobile, etc., Co., 65 Ala. 358; Coleman v. Birmingham Fertilizer Co., 208 Ala. 160, 93 So. 904; Steele v. Crute, 208 Ala. 2, 93 So. 694; Schillinger v. Leary, 201 Ala. 256, 77 So. 846; Stein v. McGrath, 128 Ala. 175, 30 So. 792; Howard v. Howard, 26 Ala. 682; Irby v. Com. Nat. Bk., 204 Ala. 420, 85 So. 509."

The following rule was applied in Clark v. Whitfield, 213 Ala. 441, 444, 105 So. 200, 203: "The general rule of res judicata is that a judgment of a court of competent jurisdiction, rendered on its merits, is final and conclusive of the matter in controversy and what ought to have been litigated in the suit as between the parties to the litigation. Crausby v. Crausby, 164 Ala. 471, 51 So. 529; Mayer v. Kornegay, 152 Ala. 650, 44 So. 839; Schillinger v. Leary, 201 Ala. 256, 77 So. 846; Steele v.

Crute, 208 Ala. 2, 93 So. 694; Coleman v. Birmingham Fertilizer Co., 208 Ala. 160, 93 So. 904; Hines v. Miniard, 208 Ala. 176, 94 So. 302; Redd Bros. v. Todd, 209 Ala. 56, 95 So. 276; Terrell v. Nelson, 199 Ala. 436, 439, 74 So. 929."

And Bell v. Jones, Judge, 223 Ala. 497, 500, 136 So. 826, 829, contains the following observation: "The binding effect of a judgment and litigable issues of fact was stated as to parties and privies in Clark v. Whitfield, 213 Ala. 441, 105 So. 200, 203, as follows: ' * * * A plea of res adjudicata, to be good, must show the parties litigant in the two suits are the same * * * or else they must be in privity of estate or blood or in law with the parties in such former action.' " Southern Pacific R. Co. v. United States, 168 U. S. 1, 18 S. Ct. 18, 42 L. Ed. 355; Fidelity & Deposit Co. of Maryland v. Robertson, 136 Ala. 379, 410, 34 So. 933.

If the petitioners were not parties, or were not represented by privies in estate or blood or in law, they were therefore not bound by the judgment pleaded in the original suit by the widow, petitioning in her own behalf, and the coheirs or codistributees of the decedent workman, if they were not represented. White v. Hill, 176 Ala. 480, 486, 488, 58 So. 444; Powell v. Robinson & Ledyard, 76 Ala. 423, 425.

Significant words, as to the parties to be bound in such a case, are found in County Coal Co. of Alabama v. Bush, 215 Ala. 25, 26, 109 So. 151, 152:

" * * * the insurer was not a party to this proceeding, and we are of the opinion the expression 'agreement of the parties' found in section 7573 of the Code of 1923, treating of lump sum settlements, was not intended to embrace any party, although in a sense interested in the result (as the insurer here), who was not a party to the proceedings. * * *

"The insurer is in all things bound by the judgment rendered against the employer upon the risks so insured. Its rights are not greater than those of the employer. We therefore conclude that, as the employer and representatives of the employee agreed upon a lump sum compensation, the trial court was justified in so awarding in the instant case, notwithstanding the objections of the insurer."

Thus the insurance carrier, under sections 7573, 7584, of the Code, was bound by the finding and award of a lump sum compensation to be paid, although it was not a nominal party to the record. Here it was a party in both proceedings.

We advert, in this respect, to the statutes: Section 7534 of the Code providing for compensation to the "surviving spouse and next of kin"; section 7549 providing like powers to minors as to compensation and the power of the court to appoint guardians to represent them; section 7550 containing, among other things, provisions for settlements between parties to be made in amounts "substantially the same as the amounts or benefits stipulated in this article"; section 7554 of the Code (section 14, Acts 1919, page 218) containing, among others, the following provisions: "If the deceased employee leave a dependent widow or dependent husband, and one dependent child, there shall be paid to the widow for the benefit of herself and such child, forty per cent of the average weekly earnings of the deceased. If the deceased employee leave a dependent widow or dependent husband and either two or three dependent children, there shall be paid to the widow for the benefit of herself and such children fifty per cent of the average weekly earnings of the deceased. * * * In all cases where compensation is payable to a widow for the benefit of herself and dependent child or children, the court shall have power to determine, in its discretion what portion of the compensation shall be applied for the benefit of any such child or children, and may order the same paid to a guardian"; and section 7573 providing for payment in "lump sum"; section 7578 providing the mode of procedure in case of a dispute between the respective parties.

■ The provisions of section 7578 must be construed in pari materia with section 7571 of the Code, for submitting the controversy to the circuit court. Ex parte Louisville & N. R. Co. (Langston v. Louisville & N. R. Co.), 214 Ala. 489, 108 So. 379. In section 7571 it is provided that: "In case of a dispute between employer and employee or between the dependents of a deceased employee and his employer with respect to the right to compensation under articles 1 and 2 of this chapter, or the amount thereof, either party may submit the controversy to the circuit court of the county which would have jurisdiction of a civil case in tort between the same parties." And for the bringing of adverse claims, "If at any time there are adverse claimants to compensation hereunder, the employer in submitting said claim to said circuit court may suggest in writing said claimants and they shall be required to interplead and said court shall determine and decree to which claimant or claimants such compensation is justly due and said employer upon complying with the order of such judge, shall be released from the claims of any other claimants thereto."

In Ex parte Little Cahaba Coal Co. (Baughn's Case), 213 Ala. 596, 597, 105 So. 648, it was held that the widow is a proper party to bring such action for herself and dependent minor children; that is, she may bring such a suit in her own behalf as the spouse, and in behalf of the dependents as next of kin. Section 14, subsec. 7, p. 218, Acts 1919. Georgia Casualty Co. v. Haygood, 210

Ala. 56, 97 So. 87, and Ex parte Havard, 211 Ala. 605, 606, 100 So. 897, are to like effect.

The disclosure by her petition of the existence of such minor children of the decedent, without naming them, was subject to be challenged for such defect or failure, and the last-mentioned provisions of the statute (section 7571) authorized the insurance carrier—a party defendant—to bring in the minors by name, or by other representation, upon the record, that there would be no question as to whether they are to be bound by the judgment to be rendered. There was no demurrer or motion requiring other specifications of the minor children of decedent.

In Ex parte Havard, 211 Ala. 605, 606, 100 So. 897, 898, the court, quoting section 14, subd. 7, page 218, Acts 1919 (which is included in section 7554 of the Code), which reads: "If the deceased employee leave a dependent widow * * * and either two or three dependent children, there shall be paid to the widow for the benefit of herself and such children fifty per centum of the average weekly earnings of the deceased," said:

"It appears from the complaint as amended that the death of the employee resulted proximately from the accident within three years; and that he left a widow and two dependent children. The compensation under these circumstances should be paid to the widow, without an administration of the estate of the decedent, for the benefit of herself and the two dependent children. No necessity for an administration of the estate existed under the facts averred in the complaint.

"When the three above-mentioned sections of the act are read and construed together, and are applied to the facts stated in the complaint, it is evident that the plaintiff, the widow of decedent, is the proper party to maintain this suit. This was clearly the intent of the act under the facts appearing in the complaint. Section 1, p. 206, and section 14, subds. 4, and 7, p. 218, Workmen's Compensation Act (Gen. Acts 1919, p. 206); Ga. Casualty Co. v. Haygood, 210 Ala. 56, 97 So. 87, headnote 3."

This is the exact question here presented—that the wife could sue for herself and minor children without other legal representation or personal representation, and is decisive of the instant appeal.

The petition for certiorari is denied, the judgment of the lower court is not shown by the record to be laid in error, and the petition is dismissed, and the judgment of the lower court is affirmed.

Petition dismissed; judgment affirmed.

ANDERSON, C. J., and BROWN and KNIGHT, JJ., concur.