SMITH *v.* McCool.

Where in ejectment a special verdict has been found and judgment entered on it in the court below, for the plaintiff, which judgment, in an appellate court, is set aside with directions to enter judgment for the defendant, the special verdict cannot, on the plaintiffs bringing a second ejectment upon a subsequently acquired title, be used to establish a fact found in it, as *ex. gr.* the heirship of one of the parties under whom the plaintiffs claimed.

ERROR to the Circuit Court for the Northern District of Illinois. The case was twice argued in this court: once at December Term, 1869, and now again in December Term, 1872.

*Messrs. G. F. Harding and H. M. Weed, for the plaintiff in error; Messrs. J. B. Hawley and G. C. Lanphere, contra.*

Mr. Justice SWAYNE stated the case, and delivered the opinion of the court.

The action in the court below was ejectment. The plaintiff in error was the plaintiff there. A like action between the same parties for the same premises was heretofore decided by this court, and is reported in 1st Black, 459. In that case the jury found a special verdict, which is set out in the statement of the case by the reporter. This court held that the plaintiff had no title at the commencement of the suit, and upon that ground reversed the judgment, and remanded the cause with directions to the court below to enter a judgment upon the special verdict for the defendant, which was accordingly done. Smith, the plaintiff in that action, subsequently instituted the case now before us, upon a title alleged to have been acquired since the commencement of the former suit. Upon the trial in this case, he offered in evidence the special verdict in the former case, to prove the heirship of one of the parties under whom he claimed. The evidence was objected to by the counsel for the defendant, and excluded by the court. The plaintiff excepted and has brought this ruling here for review.

A verdict without a judgment in a case like this is of no validity, either as an estoppel or as evidence.* To give efficacy to a verdict, general or special, it must be followed by a judgment, and when offered to establish any fact, such fact must have constituted, in whole or in part, the foundation of the judgment which was rendered. Greenleaf says :† "It is only where the point in issue has been *determined* that the judgment is a bar. If the suit has been discontinued, or the plaintiff becomes nonsuit, or for any other reason there has been no judgment of the court upon the matter in issue, the proceedings are not conclusive." The matter must have become *res judicata*.‡

---

* Reed v. The Proprietors, &c., 8 Howard, 291; Donaldson v. Jude, 2 Bibb, 60; 3 Bouvier's Institutes, 376.

† On Evidence, § 535.

‡ King v. Chase, 15 New Hampshire, 14.

If the judgment originally rendered upon the special verdict here in question had still subsisted, the case would be a different one. But that judgment was reversed. The reversal took away all efficacy from the verdict. It is true this court ordered a judgment to be entered upon it in favor of the defendant, but that was not upon the ground that the verdict showed title in the defendant, but because it showed there was none in the plaintiff. The judgment for the defendant followed as a matter of course. It was, in effect, a judgment *veredicto non-obstante,* or of nonsuit. Instead of giving the findings its sanction, and resting upon them as its foundation, the judgment denied their efficacy and repelled them as immaterial. This suit was brought upon an after-acquired title. The causes of action in the two cases are as distinct from each other as if the latter were brought to recover a different tract of land.

In the leading case of the Duchess of Kingston,* Lord Chief Justice De Grey said :

"From a variety of cases relative to judgments being given in evidence in civil suits, these two deductions seem to follow as generally true : First, that the judgment of a court of concurrent jurisdiction directly upon the point, is as a plea, a bar, or as evidence conclusive between the same parties, upon the same matter directly in question in another court; secondly, that the judgment of the court of exclusive jurisdiction directly upon the point, is in like manner conclusive upon the same matter, between the same parties, coming incidentally in question in another court, for a different purpose. But neither the judgment of a concurrent nor exclusive jurisdiction is evidence of any matter which came collaterally in question, though within their jurisdiction, nor of any matter incidentally cognizable; nor of any matter to be inferred from argument."

The authority of this case it is believed has never been controverted. But what in such cases is "directly upon the

---

* 20 State Trials (8vo.), 355; 2 Smith's Leading Cases, 7th American edition, 648.

point," "what came collaterally in question," and what was "incidentally cognizable," are questions upon which the adjudications are wide asunder.* The cases maintaining the broadest, and those the narrowest, views are numerous. They are collected and ably analyzed in the American note to *Doe* v. *Oliver* and *The Duchess of Kingston's Case* in 2 Smith's Leading Cases.†

As the proper determination of the case before us does not require the consideration of this subject, we forbear to enter upon its examination.

Under the circumstances we think the special verdict, and the proceeding upon it in the case in which the verdict was rendered, may be regarded as not unlike a demurrer to evidence. In such cases there is an admission of record of all the facts proved, of those which the evidence tends to prove, and of those which may be fairly inferred from it. The party demurring relies upon the law arising upon the facts thus presented. The facts so spread on the record are never evidence for or against either party in another suit. Here the special verdict performed the same office as such a demurrer.

The defendant's counsel insisted upon the legal proposition — ultimately sustained by this court — that, conceding the facts to be as found, the plaintiff was not entitled to recover in that action. He may well have been, and doubtless was, less careful to introduce his full evidence, and to contest the facts found, including the one which the verdict was offered in this case, to prove, than he would have been but for the confident assurance that they were all immaterial in respect to the judgment to be given, which he claimed must be in favor of his client.

As there could be no special plea owing to the form of the action, the verdict, if admissible, must have been held to work an estoppel as to all the facts found. Its effect would have been the same as if it could have been, and had

---

* Roberts *v.* Heim, 27 Alabama, 678; King *v.* Chase, 15 New Hampshire, 13.

† 7th American edition, pp. 787–813.

been, specially pleaded.* This must have taken the defendant by surprise, and been very harsh in its effect. It would, doubtless, have tended to defeat rather than promote the ends of justice. The ruling of the court which required the plaintiff to prove the heirship *aliunde* subjected him to no hardship. If the fact were as found by the special verdict there could be no difficulty in his proving it, as it was proved before. If the fact were otherwise, to admit the estoppel would have involved the sacrifice of truth and justice to a technicality, and have subjected the defendant to a grievous loss, which he ought not to be required to bear. The parties were properly allowed to stand in the second action in all respects upon a footing of equality, as they stood in the first.

Upon the whole case we are of opinion that the learned judge decided correctly in rejecting the evidence. There are other grounds disclosed in the record, upon which, in the view of some members of the court, a judgment of affirmance might well be placed; but as we are unanimous in the views expressed, it has been deemed unnecessary fully to consider them.

JUDGMENT AFFIRMED.

---

* Dame *v.* Wingate, 12 New Hampshire, 291.