# MEMPHIS CITY BANK *v.* TENNESSEE FOR THE USE OF MEMPHIS.

ERROR TO THE SUPREME COURT OF THE STATE OF TENNESSEE.

No. 674. Argued January 20, 21, 22, 1896. — Decided March 2, 1896.

A corporation organized for the purpose of doing an insurance business, under an act of the legislature of the State of Tennessee passed before the adoption by that State of its constitution of 1870, with a provision in the charter limiting the rate and extent of taxation by the State, does not continue to enjoy the exemption if its corporate objects and business are changed to those of a bank by legislation enacted subsequent to the adoption of that constitution.

A judgment in favor of the exemption of its shareholders from taxation in excess of the statutory limit, entered before the insurance company was. changed to a bank, cannot be upheld as *res judicata* in an action brought after the change to recover such excess.

THIS suit is similar to those which precede, and is brought for the collection of taxes against the corporation, plaintiff in error, or its stockholders. It was tried upon an agreed statement of facts. Those which are material to the present inquiry are the following : The defendant corporation in January, 1870, under its then name of the Memphis City Fire and General Insurance Company, was duly organized under the charter granted to it on the 24th of January, 1870, and the organization under it was in all respects valid and no question is made upon the same. The defendant from that date down to the year 1887 carried on an insurance business under its charter in the city of Memphis. In that year, in pursuance of the powers granted in chapter 190, Acts of 1887, the corporation (also claiming the right to do so under the powers conferred by its charter) changed its business from that of insurance to that of banking, and since that date down to the present time has exclusively conducted a banking business in Memphis. Section 2 of the original charter empowers the corporation to receive in trust from any person, moneys, jewels, plate and other valuable things, and to give acknowledgment therefor in such form as the directors of the corporation may deem best suited to the protection and convenience of depositors and the company. And the corporation was also authorized to loan its surplus funds on any public stock, or stock of any incorporated company, or of the United States, or either of them, or to invest such funds in any real or personal estate, choses in action or other good securities. Section 7 provides that there shall be levied a state tax of one half of one per cent upon the amount of capital stock actually paid in, to be collected in the same way and at the same time as the other taxes are by law collected, which shall be in lieu of all other taxes and assessments. Chapter 190 of the Acts of 1887 enacted that any company incorporated under the laws of Tennessee, having by its charter the right to receive moneys

in trust or otherwise, should be held to have the power to receive deposits, and loan the same and its capital stock on any kind of commercial, or business paper, or real estate, buy and sell exchange, and all kinds of public or private securities and commercial paper. It was also further provided in that act " that the exercise of any of the granted powers should not operate to forfeit any franchise, right, power, privilege or immunity granted in the original charter, and that the non-user of a part of a corporation's powers, privileges and franchises should not have the effect of forfeiting any franchise, right, power, privilege or immunity contained in its charter."

On the 23d of January, 1889, the legislature passed an act changing the name of the corporation plaintiff in error from that of the Memphis City Fire and General Insurance Company to that of the Memphis City Bank, and since that time it has conducted business under the latter name. From its first organization in 1870 down to the present time it has regularly and constantly paid to the State of Tennessee the charter tax provided for in section seven of its charter, and has regularly filed with the comptroller of the State the statement required and called for by the seventh section of that charter.

The opinion of the Supreme Court of Tennessee delivered upon the demurrer to the bill in this case will be found reported in 7 Pickle, 574, under the name of *Memphis* v. *Memphis City Bank*. In the year 1872 the State of Tennessee, the county of Shelby, and the city of Memphis undertook to tax the shares of stock of the Memphis City Fire and General Insurance Company at their market value in the hands of the shareholders, at the same rate as other property was taxed. The shareholders denied this right and claimed an exemption from all taxation except to the extent of the tax provided for in the seventh section of the charter. Thereupon an agreed case was made up between the parties, the State of Tennessee on the one side and Napoleon Hill, a stockholder in the company, on behalf of all the other stockholders on the other side. The case was made in conformity with the laws of Tennessee, and the question submitted to the

Second Chancery Court of Shelby County and State of Tennessee to determine whether the said county or State had the right to impose a tax upon the shares other than the one half of one per cent provided for in its charter.  The case was regularly heard in the Second Chancery Court of Shelby County, and decided in favor of the shareholders, and against the power to tax.  It was then carried to the Supreme Court of Tennessee, where the decision of the chancery court was reversed, and the power to tax affirmed.  The case was heard in the Supreme Court in connection with several cases of the same character under the title of the *City of Memphis* v. *William M. Farrington*, 8 Baxter, 539.  Mr. Hill sued out a writ of error from this court in behalf of himself and the other shareholders, and the case was regularly heard in this court upon the Federal question, and upon that hearing this court reversed the decree of the Supreme Court of Tennessee and affirmed that of the Second Chancery Court of Shelby County, and upon a mandate properly issued from this court to the state court a judgment was entered in favor of said Hill and the other shareholders in the company.  The case, as decided by this court, is reported under the name of *Farrington* v. *Tennessee* 95 U. S. 679.  The plaintiffs in error herein rely upon that final decree as being a full, final, and complete adjudication of all questions involved in this case, and as being *res judicata* and binding upon the parties hereto.

Upon these agreed facts the case was tried and judgment given for the shareholders, which upon appeal was reversed by the Supreme Court of Tennessee, and judgment entered for the city of Memphis for the recovery of taxes upon the shares of stock in the Memphis City Bank and upon the surplus and undivided profits for the years therein named, and it is to review this judgment that the plaintiffs in error come here.

*Mr. T. B. Turley*, (with whom were *Mr. T. M. Scruggs* and *Mr. L. E. Wright* on the brief,) for plaintiffs in error.

*Mr. S. P. Walker*, (with whom were *Mr. C. W. Metcalf* and *Mr. F. T. Edmondson* on the brief,) for defendants in error.

Mr. Justice Peckham, after stating the case, delivered the opinion of the Court.

The question in this case is whether the corporation plaintiff in error, could, while availing itself of the general act, (chapter 190, Acts of 1887, above referred to,) change its business from that of insurance, as provided in its charter granted in January, 1870, to that of banking, and still retain the exemption from the payment of any taxes other than those provided for in section seven of that charter. After such change of business and by virtue of section fourteen of the general revenue law of the State, passed in 1887, the State assumed to tax the plaintiffs in error at a greater rate than that provided for in the original charter, and it is to collect these taxes that this suit is brought. At the time the act of 1887 (chapter 190) was passed, under which the corporation plaintiff in error claimed the right to change its business, (while also at the same time claiming that right under its original charter,) the constitution of Tennessee, adopted in 1870, was in full force. That constitution provided, article 2, section 28, that "all property, real, personal or mixed, shall be taxed, but the legislature may except such as may be held by the State, counties, cities or towns." By section 8, article 2 of the constitution of 1870 it was provided, among other things, " that no corporation shall be created or its powers increased or diminished by special laws, but the general assembly shall provide by general laws for the organization of all corporations hereafter created, which laws may at any time be altered or repealed, and no such alteration or repeal shall interfere with or divest rights which have become vested."

Under these two provisions of the constitution, giving effect to both, the legislature could not even by general law grant or preserve an immunity from taxation, not otherwise existing, total or partial, to the capital stock or shares of a corporation. The twenty-eighth section of the second article of the constitution requires that all property shall be taxed except such as is exempt by that section, or is by that section authorized to be exempt by the legislature, and this kind of property in question

in this case does not come within either class spoken of in that section. We think that the change from the business of insurance to that of banking is a material and radical change, and to such an extent that the legislature, under the constitution of 1870, would have no power to continue an exemption from taxation granted by the charter to the insurance company so that it should continue to exist in favor of a company exercising an exclusively banking business. The legislature was powerless in the face of the constitutional provision mentioned to provide "that the exercise of any of the granted powers should not operate to forfeit any franchise, right, power, privilege or immunity" granted in the original charter. The Supreme Court of Tennessee has so construed the constitution. 7 Pickle, 574.

That court holds that the legislature could not, by enacting such a proviso in connection with the authority given by it to a corporation to change its business, transfer an exemption from taxation granted to that corporation while exercising the powers originally granted to it by its charter prior to the adoption of the constitution of 1870.

The substantial effect of chapter 190, Acts of 1887, when made applicable to any company having, by its charter, the right to receive moneys in trust or otherwise, was to grant a new charter to the extent of granting banking powers, and the company, availing itself of the privileges mentioned in such act, took them subject to the constitution and laws then in force. It was not, properly speaking, a mere act increasing the powers of the corporation so that such corporation could perform other acts of a nature similar to those which it was already authorized to perform by its original charter. It was not an increase but it was a change of powers to the extent that those granted by the act of 1887 were of a totally different character and nature. An insurance corporation differs radically from a banking corporation, and the powers given to one cannot be exercised by the other without some authority granted by the State through its legislature. This corporation, plaintiff in error, since the passage of the act in question, has not only availed itself of the privileges therein granted,

but it has totally abandoned the exercise of the powers origi- nally granted to it in its charter of 1870, and by such abandon- ment on the one hand and the exercise of the privileges granted to it by the act of 1887 on the other, it has become, in sub- stance and effect, a banking corporation, and, necessarily, it must look to the act of 1887 as its authority for the exercise of its banking privileges. The original contract of exemption from taxation was manifestly granted to the original corpora- tion to be availed of by it while it was in the exercise of its corporate powers as an insurance company. It cannot be held to go with the corporation when it abandons the performance of the acts authorized in its original charter and proceeds to exercise the privileges of and do a business as a banking cor- poration by virtue of the act of 1887. As a result, when it assumes to make use of the privileges granted to it under the act last named, it must do so subject to the constitution and laws existing at the time when that act was passed, and its rights and privileges must be exercised in subordination thereto.

Upon the proposition argued by plaintiffs in error, that they have the right to engage in their present business of banking by virtue of the original charter, we are of opinion that such right does not exist. The power to receive in trust for any person moneys or other valuable thing, and of giving their acknowledgment therefor, and to loan their surplus funds as provided in the second section of the original charter, in no sense authorizes them to conduct a general banking business. They must look to the act of 1887 alone for their power to transact that kind of business, and, for the reasons we have stated, they are not entitled to the exemption provided for in section 7 of their charter.

Second. We do not think that the plea of *res judicata* can be upheld upon the facts as stated. The former judgment was entered in an action commenced long prior to the act of 1887 to recover taxes alleged to have become due while the corporation plaintiff in error was engaged in its original busi- ness of an insurance company, and the judgment was upon the right of its shareholders to be exempt from any further

taxation than that provided for in the charter while the company was doing business as such insurance company. The judgment could, therefore, not be an estoppel or operate in any manner as a bar to the maintenance of this action, based upon facts of a totally different nature, and arising long after the judgment was obtained in the former action.

The judgment must, therefore, be

*Affirmed.*