## CITY OF SHREVEPORT et al. v. SHREVE-PORT RY. CO. *

### No. 5817.

Circuit Court of Appeals, Fifth Circuit.
March 15, 1930.

Benj. F. Roberts, City Atty., and Frank J. Looney, both of Shreveport, La., for appellants.

A. B. Freyer, of Shreveport, La., and Wm. H. Armbrecht, of Mobile, Ala. (Armbrecht, Hand & Twitty, of Mobile, Ala., and Wise, Randolph, Rendall & Freyer, of Shreveport, La., on the brief), for appellee.

Before BRYAN and FOSTER, Circuit Judges, and SIBLEY, District Judge.

FOSTER, Circuit Judge.

Appellee, the Shreveport Railways Company, operating a system of electric street cars in the city of Shreveport, La., brought suit to enjoin the enforcement of two ordinances of said city on the ground that they are unreasonable and oppressive, and the effect of their enforcement is to confiscate appellee's property, in violation of the 14th Amendment of the Constitution of the United States. One ordinance complained of, adopted May 14, 1907, requires all street cars operated after 7 a. m. to be manned by two persons, a conductor and a motorneer. The other ordinance, adopted December 26, 1917, requires all street cars to have an entrance at the rear, and exits at both ends. Both ordinances carry penalties for each violation of a fine of not less than $25, nor more than $100, with imprisonment in default of payment.

Approving the report of a special master to whom the case had been referred, the District Court entered a decree in favor of appellee, 37 F.(2d) 910. We may refer to the opinion of the District Court for a comprehensive review of the facts in considerable detail without the necessity of repeating them.

It appears, without serious dispute, that appellee is capitalized at $1,000,000, and owns property used and usable in the operation of the street car system of the value of $2,382,396.54. There are bonds to the amount of $600,000 outstanding, and, in addition, loans of $220,000 with banks, secured by pledge of $220,000 of bonds and indorsements of stockholders. It has paid no dividends since 1923. The company is well and economically managed, and salaries paid executives are reasonable, but under present conditions it earns a net return of only .0243 per cent. If permitted to change from two-men to one-man cars, there would be a probable saving of about $93,900 per annum, which would enable the company to earn a net return of a little less than 5 per cent.

There could be no doubt that on the showing made appellee is entitled to relief. But appellant contends that, regardless of whether the operation of the street car system is profitable, the ordinances are valid as within the police power of the city. Reliance is had upon the case of Sullivan v. Shreveport, 251 U. S. 169, 40 S. Ct. 102, 64 L. Ed. 205, in which case the validity of the two-men ordinance was upheld.

It is evident that the above-cited case was not intended to go further than to hold that the ordinance was valid as applied to conditions existing at the time the suit was filed in 1917. There is no doubt that an ordinance, reasonable as applied to conditions

*Certiorari denied 50 S. Ct. —, 74 L. Ed. —.

946

existing at the time of its adoption, may become unreasonable by a change in conditions, and a city may not impose unnecessary restrictions upon lawful occupations under the guise of protecting the public interest. Dobbins v. Los Angeles, 195 U. S. 223, 25 S. Ct. 18, 49 L. Ed. 169; Bluefield v. Public Service Commission, 262 U. S. 679, 43 S. Ct. 675, 67 L. Ed. 1176; Newton v. Consolidated Gas Co., 258 U. S. 165, 42 S. Ct. 264, 66 L. Ed. 538; Lincoln Gas Co. v. Lincoln, 250 U. S. 256, 39 S. Ct. 454, 63 L. Ed. 968; Banton v. Belt Line, 268 U. S. 413, 45 S. Ct. 534, 69 L. Ed. 1020.

■ We conclude that the decision in Sullivan v. Shreveport, supra, is not res adjudicata in this case if conditions have sufficiently changed to render the ordinances unreasonable and unnecessary, and their enforcement will operate to confiscate appellee's property.

■ As to the change in conditions, it is shown that one-man cars were still in the experimental stage in 1907, still so in 1917, and were in use in only a few cities. Today they are in operation in 103 of 106 cities in the United States having a population larger than Shreveport. The master found that the one-man street car has been greatly improved, that automatic safety devices have been invented, and that in safety of operation it can be compared to an automobile or bus in its adaptability to one-man control. It is also shown that in Shreveport, by amendment to the 1907 ordinance, appellee is permitted to operate one-man street cars on two lines. It is not shown that on these two lines there is any substantial difference in traffic conditions, as compared to the other lines.

It is suggested that appellee's remedy is to apply to the Louisiana Public Service Commission, which has jurisdiction over the rates in the city of Shreveport, for an increase in fares, but it is shown with reasonable certainty that an increase in fares would not produce the required relief. Street car fares are now 8 cents cash, or 7½ cents for tickets. There has been a constant decrease in the proportion of passengers carried per month, as compared to the normal increase in the population of the city, and a further increase in fares would probably reduce the number of passengers to an extent that the increased earnings would still be insufficient to yield a fair return on the rate base.

The master found that the segregation of the races, required by law in Shreveport, would be facilitated by the use of one-man cars, and that street cars are a public necessity in Shreveport. It is further shown that labor would not be affected by a change, as it would be gradual, and the normal annual turnover would take care of the reduction in employees. Also, rates of wages would be increased.

Considering the facts above outlined, it is difficult to understand why the city persists in enforcing the ordinances.

We concur in the conclusions reached by the District Court.

Affirmed.