## BLACK v. TAMAMIAN.
### No. 421.

Municipal Court of Appeals for the
District of Columbia.

Nov. 1, 1946.

Kelley E. Griffith, of Alexandria, Va., for appellant.

H. Max Ammerman, of Washington, D. C. (Louis Ottenberg, of Washington, D. C., on the brief), for appellee.

Before CAYTON, Chief Judge, and HOOD and CLAGETT, Associate Judges.

HOOD, Associate Judge.

This is an appeal by a tenant from a judgment in favor of his landlord for possession of housing accommodations. The basis of the action was that the landlord sought in good faith to recover possession for his immediate and personal occupancy as a dwelling, in accordance with Section 5(b) (2) of the District of Columbia Emergency Rent Act. Code 1940, § 45—1605(b) (2). Approximately four months prior to the bringing of the present action, a similar action had been brought by the same landlord against the same tenant for the same premises on the same ground; and that action resulted in a judgment for the tenant on the ground that the landlord had not shown he sought possession in good

faith. In the present action the tenant pleaded the judgment in the former action as res judicata. Refusal of the trial court to sustain the plea of res judicata is the main assignment of error on this appeal.

■ It is well settled that "a right, question or fact distinctly put in issue and directly determined by a court of competent jurisdiction, as a ground of recovery, cannot be disputed in a subsequent suit between the same parties or their privies." Hines v. Welch, 57 App.D.C. 371, 376, 23 F.2d 979, 984, quoting from Southern Pacific Railroad v. United States, 168 U.S. 1, 18 S.Ct. 18, 42 L.Ed. 355. This court has applied the doctrine of res judicata to landlord and tenant cases. Scholl v. Tibbs, D.C.Mun.App., 36 A.2d 352.

■ But it is also well settled that if a new and different situation arises subsequent to the judgment, and a changed situation can be proven, there may be a reexamination of the same question between the same parties, since the prior adjudication is limited to the facts as they existed at the time of rendition of the judgment. Memphis City Bank v. State of Tennessee, 161 U.S. 186, 16 S.Ct. 468, 40 L.Ed. 664; Auto Acetylene Light Co. v. Prest-O-Lite Co., Inc., 6 Cir., 264 F. 810; Williamson v. Grider, 97 Ark. 588, 135 S.W. 361; Bochner v. Rosen, 326 Ill.App. 382, 62 N.E.2d 24; Buchholz v. United States Fire Insurance Co., 269 App.Div. 49, 53 N.Y.S.2d 608.

Consequently, the adjudication that the landlord in the former suit did not seek possession in good faith cannot operate as an adjudication that the same lack of good faith exists in the present action. The landlord was at liberty to show, if he could, that by reason of changes in the situation his second action possessed the requisite good faith. It would be, we think, a distortion of the doctrine of res judicata to hold that, because of the former finding of lack of good faith, the landlord was thereafter forever barred from seeking possession against this tenant, regardless of changed circumstances and conditions.

■ The effect of our holding will not be to permit, as has been suggested by appellant, every disappointed landlord to immediately bring a new suit, in hope of finding a court or jury more sympathetic to his point of view. The former judgment conclusively established a lack of good faith at that time, and a second action cannot serve merely as a retrial of the former action, even though a different appraisal of the facts might be made by a different court or jury. The finding in the former action cannot be ignored in the latter. Lack of good faith having been established in the prior suit, the presumption is, in the absence of evidence to the contrary, that such lack continues to exist, especially in view of the comparatively short time elapsing between the two suits. Mayer v. Kornegay, 152 Ala. 650, 44 So. 839; Life Insurance Company of Virginia v. Herrmann, D.C.Mun.App., 35 A.2d 828; Henderson v. Mann, 47 App.D.C. 174; Spund v. Myers, 67 App.D.C. 135, 90 F.2d 380. Plaintiff must produce evidence of new facts and a changed situation in order to overcome the previously established fact of absence of good faith and the presumption of its continuance. Furthermore, plaintiff's evidence should be carefully scrutinized to prevent any attempt to relitigate a question previously determined. But, as we have said, if plaintiff is able to show new facts and changed circumstances, the former judgment does not operate as a bar to the second action.

The second error assigned is that, even if the doctrine of res judicata does not apply, the evidence offered was insufficient for a finding of good faith. In the prior action, plaintiff rested his claim for possession on the desire for larger quarters because of his present inadequate accommodations. Much of the testimony centered around his present sleeping accommodations or bedroom. This room, 7 x 9 feet, unconnected with his other living accommodations, was wholly inadequate, according to plaintiff, as sleeping quarters for himself and his wife, was a source of great inconvenience, and because of its situation near the steps, used by others in the house, was noisy and prevented sound and comfortable sleep. The new facts, or changed situation, arising since the prior suit, concerned mainly the

health of the landlord's wife and the increasingly injurious effect on her health of lack of adequate and comfortable sleeping quarters. Subsequent to the prior judgment the wife, in order to be more comfortable, had been sleeping on a single cot in the living room, but despite this change her health was becoming worse.

As we pointed out in Staves v. Johnson, D.C.Mun.App., 44 A.2d 870, good faith is ordinarily a question of fact, and a finding of good faith or lack of it, when supported by substantial evidence, will not be disturbed on appeal. In our opinion the record discloses substantial evidence of new facts and developments occurring since the prior judgment sufficient to support the trial court's finding that possession in the present action was sought by the landlord in good faith for his immediate personal use and occupancy.

Affirmed.