## CONTINENTAL FIRE & CASUALTY INS. CORPORATION v. SWANSON.

### No. 11877.

Court of Civil Appeals of Texas.
San Antonio.
Oct. 20, 1948.

Rehearing Denied Nov. 17, 1948.

Moursund, Ball, Moursund & Bergstrom and Charles W. Barrow, all of San Antonio, for appellant.

Forrest A. Bennett, of San Antonio, for appellee.

MURRAY, Justice.

This suit was instituted in the County Court at Law Number One, Bexar County, Texas, by Charles R. Swanson against Continental Fire and Casualty Insurance Corporation, seeking to recover the sum of $241 on an insurance policy issued upon an automobile owned by Swanson. The automobile was in a collision and allegedly was damaged in the sum of $291. The policy was a $50 deductible policy, hence the suit for the sum of $241.

The Insurance Corporation defended upon the theory that the policy was cancelled before the collision took place and that it was therefore not liable upon the policy. The trial was before the court without the intervention of a jury and resulted in judgment for Swanson in the sum of $241. From this judgment the Continental Fire &. Casualty Insurance Corporation has prosecuted this appeal.

On July 9, 1947, Swanson purchased an automobile from the Broadway Motors Company and had same financed by the Associates Investment Company. As part of the financing the Investment Company required that the automobile be insured. Swanson agreed to this and paid the sum of $56.25 to the Investment Company to cover the premium on the insurance policy. The Investment Company placed the insurance with E. McCabe & Co., who was the agent of appellant. An insurance policy, together with a certificate of insurance, was issued and delivered to the Associates Investment Company, which company kept the policy and delivered to appellee, Swanson, the certificate of insurance. The home office of appellant refused to accept the risk and notified E. McCabe & Co., that the policy should be cancelled. This information was communicated to the Investment Company, and a few days later the insurance policy was picked up by a messenger from the E. McCabe & Co. office and it was returned to appellant and destroyed. The $56.25, which had been paid as a premium, was returned to the Investment Company, either by check or credit upon its account, it is not clear in which manner. The $56.25 was not returned to appellee, Swanson, nor was he notified of the cancellation of the policy. He was not called upon to surrender the certificate of insurance.

After all this had transpired, and on or about September 10, 1947, the automobile was in a collision and considerable damage

done to it. The Investment Company repossessed the car and Swanson instituted this suit to recover under the terms of the insurance policy.

■ Appellee contends that the cancellation of the policy was not effective because he was given no notice of same. We overrule this contention. The only evidence as to the provisions of the insurance policy which was introduced in evidence was the certificate of insurance. The first paragraph of this certificate reads as follows: "This Certificate is furnished simply as a memorandum of said Policy at the date of issue hereof, and is given as a matter of information only, and confers no rights on the holders. Said original Policy is subject to endorsement, alteration, transfer, assignment, and cancellation without notice to the holder of this memorandum."

Appellee, Swanson, accepted this certificate and kept it until the time of the collision, which happened some two months after he received the certificate of insurance. He never complained of its provisions and it therefore became a contract binding upon him, and he thereby agreed that the policy could be cancelled without notice to him. If the insurance policy contained any provision to the contrary we are left in the dark as to such matter, as no attempt was made to prove the contents of the policy. The stipulation in the certificate of insurance was simply a covenant between the parties and binding on them the same as any other contract. Treadwell v. International Travelers Assurance Co., Tex.Civ.App., 60 S.W.2d 536; Gulf Insurance Co. v. Riddle, Tex.Civ.App., 199 S.W.2d 1000.

■ Furthermore, appellee, Swanson, had constituted the Associates Investment Company his agent to keep him insured. He had given them the money to pay the premium, without any instructions as to what company the insurance was to be placed with. The agent of the Insurance Corporation dealt only with the Investment Company, and notice to the Investment Company of the cancellation was sufficient. National Fire Insurance Company v. Oliver, Tex.Civ.App., 204 S.W. 367; Dalton

v. Norwich Union Fire Insurance Soc., Tex.Com.App., 213 S.W. 230.

The judgment of the trial court will be reversed and judgment here entered that appellee, Swanson, take nothing and pay all costs of this and the trial court.

Reversed and Rendered.