### DRIGGERS v. BUSINESS MEN'S ASSUR. CO. OF AMERICA.

No. 13954.

United States Court of Appeals
Fifth Circuit.

Nov. 22, 1952.

John J. Watts, Odessa, Tex., for appellant.

Ralph W. Malone, Dallas, Tex., Henry Russell, Pecos, Tex., for appellee.

Before HUTCHESON, Chief Judge, and BORAH and RIVES, Circuit Judges.

HUTCHESON, Chief Judge.

Claiming an anticipatory breach of his policy, plaintiff below, appellant here, brought this suit to recover the present value of a health and accident policy together with penalties and attorneys' fees.

The claim in substance was: that, on or about March 7, 1948, while the policy was still in force and effect, plaintiff received

an injury which rendered him totally and continuously disabled within the meaning of the policy; that thereafter instead of paying him the amount then due under the policy terms, defendant repudiated its obligations to the plaintiff by returning to plaintiff the premium tendered it on July 8, 1949, and advising him that the policy of insurance was cancelled; that such action was an unconditional breach of the policy without cause or justification; and that, as a result thereof, he became entitled to declare the entire amount of benefits payable under the policy due and payable in a lump sum.

The defendant, admitting the issuance of the policy, denied that it is indebted to plaintiff and that it has repudiated its obligations under the policy as alleged. Further, expressly denying that it had on or about July 8, 1949, informed plaintiff that his policy had been cancelled, defendant alleged: that the policy was a renewable term policy, "renewable at the option of the company only", for an original term ending July 11, 1948, renewal premium payable each one-half year thereafter; and that, for the reasons[1] more fully set out in the answer, defendant, as it had a right to do, declined to renew the policy.

Based upon the facts above set forth, defendant pleaded: that plaintiff's disability is neither total nor permanent; that the defendant, having presented and collected a claim for the period beginning May 28, 1948, for $600, is now estopped to assert another and different claim for benefits; and, finally, that there is no basis whatever in law or in fact for the claim that defendant had anticipatorily breached the policy.

Tried to the court and a jury, defendant, at the conclusion of the evidence, which showed the facts to be substantially as it had pleaded them, moved the court for a directed verdict. The motion was overruled, and the cause was submitted to the jury for its verdict upon whether the defendant was totally and permanently disabled, as claimed by him, as a result of the accident on March 7, 1948, and whether the defendant, without reason, cause, or justification, had repudiated its liability to plaintiff under the terms of the policy.

The jury having returned a verdict for the plaintiff, and the defendant having filed a motion for judgment *non obstante veredicto,* on the ground that the evidence raised no issue of fact and that a verdict should have been directed for the defendant, the district judge granted the motion and entered judgment against the plaintiff and in favor of the defendant.

Appealing from the judgment, plaintiff is here asserting that the evidence was sufficient to support the jury's finding that the defendant had wrongfully repudiated its liability under the policy, and insisting

---

1. These were the reasons:

On or about March 25, 1948, upon the request of plaintiff, it furnished claim blanks asserting a claim for sickness benefits for the period from March 7th to March 24th, describing his condition as sciatica rheumatism, and defendant promptly issued and delivered to plaintiff its draft for $93.33, reciting that it was in full settlement of the benefits claimed, and plaintiff endorsed and cashed such draft and retained, and still retains, the proceeds thereof.

On or about the 22nd of November, 1948, plaintiff made a second claim covering sick benefits from May 28, 1948, to June 14, 1948, describing his complaint as sciatica rheumatism resulting from the incident of March 7, 1948.

In connection with the second claim, plaintiff advised defendant in writing that he had had no medical attention after July 2, 1948, and both he and his attending physician reported that he had resumed his duties on Nov. 15, 1948.

On or about the 13th day of June, 1949, defendant tendered plaintiff its draft in the sum of $600 in full settlement of this claim, and plaintiff endorsed and cashed the draft and has retained the proceeds.

On or about July 21, 1949, defendant notified plaintiff that before it would be willing to renew the health and accident features of his policy for another term, it would be necessary to attach a rider thereto, and defendant enclosed the form of the rider requesting that plaintiff sign one copy and return for the company's records and that the other be attached to the policy; that plaintiff failed to acknowledge the letter or to sign the rider.

that a judgment on the verdict was demanded.

The defendant points to these undisputed facts: (1) that there was an entire absence of proof that it denied or repudiated, or in any way breached, anticipatorily or otherwise, any of the obligations of its policy; (2) that the policy was a renewable term policy "renewable at the option of the company", and that it had declined to renew it; (3) that no claim was made upon it, nor was proof of loss in respect of the claim of totally disabling accidental injury[2] made in the suit, but that, on the contrary, plaintiff had presented claims for sick benefits and those claims had been paid, and no other claim was ever filed with, or made to, defendant before the bringing of the suit.[3]

 So pointing, it invokes the settled law of Texas, that a policy providing, as this one does, that it is renewable only at the option of the insurer, is valid and enforceable, and that its declination to renew it was not, and could not be, a breach of the policy.[4] It declares, also, that it further is the settled law in Texas and generally elsewhere,[5] that even if plaintiff had made a demand, and defendant, as it did here, had in good faith rejected it, this would not constitute a renunciation or repudiation of the policy so as to be an anticipatory breach.[6]

 Finally, it points to the fact that no demand was made by appellant, nor any proof of loss furnished by him, before bringing the suit, and, therefore, there was no basis whatever for the suit he brought.

We agree. The judgment was right. It is

Affirmed.

---

2. Federal Union Ins. Co. v. Hardin, Tex. Civ.App., 115 S.W.2d 1144.

3. Bank Savings Life Ins. Co. v. Milan, Tex. Civ.App., 70 S.W.2d 294.

4. Gulf Ins. Co. v. Riddle, Tex.Civ.App., 199 S.W.2d 1000; Continental Fire & Cas. Corp. v. Swanson, Tex.Civ.App., 216 S.W. 2d 241.

5. Mobley v. N. Y. Life Ins. Co., 295 U.S. 632, 55 S.Ct. 876, 79 L.Ed. 1621.

6. Sanders v. Aetna Life Ins. Co., 146 Tex. 169, 205 S.W.2d 43; Universal Life & Acc. Ins. Co. v. Sanders, 129 Tex. 344, 102 S.W.2d 405.