**Hubert Wesley DRIGGERS,**

v.

**BUSINESS MEN'S ASSURANCE COMPANY OF AMERICA.**

No. 15160.

United States Court of Appeals, Fifth Circuit.

Jan. 28, 1955.

Rehearing Denied Feb. 24, 1955.

William D. Kimbrough, John J. Watts, Odessa, Tex., for appellant.

Ralph W. Malone, Dallas, Tex., Henry Russell, Pecos, Tex., Malone, Lipscomb & Seay, Dallas, Tex., for appellee.

Before HUTCHESON, Chief Judge, RIVES, Circuit Judge, and DAWKINS, District Judge.

RIVES, Circuit Judge.

This appeal is from a summary judgment entered in an action described by appellee as simply an attempt to retry a case finally adjudged against the appellant in Driggers v. Business Men's Assurance Company of America, 5 Cir., 1952, 199 F.2d 911. The present action was filed on February 12, 1954.

With a few changes in the amounts claimed to be due and owing and for which judgment is demanded, the complaint in the present action is almost verbatim the same as the complaint in the former case. In each complaint the plaintiff sues on the same health and accident policy issued by the defendant on the 11th day of January, 1948. In each complaint the claimed total and continuous disability of loss of time is alleged to have resulted from an accident described in the same manner and alleged to have occurred on or about the 7th day of March, 1948. In each complaint the plaintiff claims to be entitled to the benefits payable under the policy and particularly under the following provision thereof:

"1. Total Loss of Time—If such injuries totally and continuously disable the insured from date of accident or at any time within twenty days hereafter, the Company will pay the monthly indemnity herein specified for the period of such disability as long as the insured lives and remains so disabled."

In each complaint the plaintiff alleges that under the terms of the policy there is now due and owing to him a large sum ($5,000.00 in the former action, and $14,200.00 in the present action) and that the defendant has refused to pay such amount on demand. In each complaint, also, an anticipatory breach of the entire policy is alleged as follows:

"The Defendant, Business Men's Assurance Company of America, has repudiated their obligations to the plaintiff unquestionably without cause or justification, but returned to the plaintiff a payment tendered to them on July 8, 1949, which payment represented the premium about to become due on Plaintiff's Policy of insurance and that said defendant advised plaintiff that his policy of insurance was canceled; hence plaintiff alleges that because of the breach of the provisions of said policy unconditionally and without cause and justification, that he is entitled to declare the entire amount of benefits payable under the said policy due and payable in a lump sum."

In the former action, the plaintiff computed his life expectancy at the time of receiving the alleged injury as approximately 21 years, and the entire amount which would be payable under the policy as the sum of $50,400.00. In the present action, the plaintiff computes his life expectancy at the time of receiving the alleged injury as approximately 22.88 years, and the entire amount which would be payable under the policy as the sum of $53,920.00. In each complaint, the plaintiff alleges that defendant had been notified in writing and that due proof of loss had been made under the terms of the policy.[1] Each complaint seeks to recover

---

1. Some of the provisions of the policy as to notice of injury and proof of loss are as follows:

"4. Written notice of injury or of sickness on which claim may be based must be given to the Company within twenty days after the date of the accident causing such injury or within ten days after the commencement of disability from such sickness. In event of accidental death immediate notice thereof must be given to the Company.

\* \* \* \* \* \*

"7. Affirmative proof of loss must be furnished to the Company at its said office in the case of claim for loss of time from disability within ninety days after the termination of the period for which the Company is liable, and in case of claim for any other loss, within ninety days after the date of such loss."

the entire amount which would be payable under the policy plus a 12% penalty under the terms of Article 4376 of the Revised Civil Statutes of Texas together with reasonable attorney's fees. The total amount for which judgment was demanded in the former action was $71,400.00, and in the present action it is $78,290.40.

The defendant filed a full and complete answer pleading all of the defenses it had urged to the prior action, and in addition the defense of res judicata and the four year statute of limitations. The defendant also filed a motion for summary judgment on the grounds of res judicata and that the action based on the alleged anticipatory breach of the policy is barred by the four year statute of limitations prescribed by Article 5527 of the Revised Civil Statutes of Texas.

The plaintiff filed the following reply to defendant's motion for summary judgment:

"1.

"Defendant is not entitled to judgment, as a matter law, on the ground that the previous suit was res judicata. The United States Court of Appeals for the Fifth Circuit held in support of the Trial Court's entry of judgment non obstante veredicto that defendant had never breached the contract between plaintiff and defendant. Further, that proof of loss in respect of the claim for total permanent disability was never made. Therefore, plaintiff's cause of action had not matured until due proof of loss had been made and the claim denied, thereby giving rise to plaintiff's suit for breach of contract. Plaintiff alleges that defendant has breached the contract by its refusal to consider plaintiff's claim or to receive his proofs of loss. Hence, plaintiff alleges that since the United States Court of Appeals for the Fifth Circuit and this Honorable Court have both held that plaintiff had no cause of action in the previous suit, that such suit could not be a bar to the bringing of the present action.

"2.

"Defendant is not entitled to summary judgment on the ground that the action is barred by limitation for the reason that if defendant had not repudiated the contract in 1949, then plaintiff had no cause of action until such contract was repudiated. Plaintiff, in his present suit, alleges that further proofs of loss have been submitted to defendant and that defendant has denied the claim in that his cause of action matured within less than four years from the bringing of this action. Defendant states that it did not breach the contract in 1949, and this Court and the Court of Appeals for the Fifth Circuit so held. Plaintiff further asserts that the filing of the previous suit, the trial and subsequent appeal served to toll the limitation period and that for this additional reason defendant's motion should be denied."

After hearing, the district court entered summary judgment for the defendant from which this appeal is prosecuted.

In the former action a full trial resulted in a verdict of the jury on special issues as follows:

"1. We, the jury, find for the plaintiff, Hubert W. Driggers, that he was totally incapacitated either (a) permanently, or (b), if you find that said incapacity was temporary but not permanent, then state the number of months, if any, which you believe the plaintiff to be totally incapacitated, if he is

"Answer: (a) Permanently

(b) * * *

"2. We, the jury, find that the defendant, without cause, reason or justification, expressly repudiated its liability to the plaintiff and denied liability for the injuries sustained by plaintiff as of March 7, 1948. Answer 'Yes' or 'No'.

"Answer: Yes

"3. We, the jury, find from a preponderance of the evidence that a reasonable attorneys fee will be the sum of $10000.00.

"4. We, the jury, find from a preponderance of the evidence that the present value of the benefits that plaintiff is entitled to receive from the defendant under the terms of said policy is $52106.67.

"(S.) J. A. Slaughter,
"Foreman."

After the return of that verdict in the former action, the defendant made its motion for judgment non obstante veredicto upon three grounds: (1) that there was no proper pleading nor proof of an anticipatory breach; (2) that the undisputed evidence showed that plaintiff had furnished no proofs that he was disabled, except for two periods, for both of which the defendant had made payment in full; (3) that, under the Texas decisions, the $600.00 voucher, dated June 13, 1949, had all the necessary requisites of a release in full for the claim being asserted by plaintiff.

Pursuant to that motion, the district court entered judgment for the defendant notwithstanding the verdict, but without indicating upon which ground or grounds the judgment was so entered.[2] That judgment was affirmed by this Court, the opinion holding that there had been no anticipatory breach of the policy, and that no demand was made nor proof of loss furnished by the plaintiff, and therefore there was no basis for the suit. Driggers v. Business Men's Assurance Co. of America, 5 Cir., 199 F.2d 911.

 The claim for anticipatory breach of the entire policy is exactly the same in the present as in the prior action, and clearly that claim is barred with the rule quoted in United States v. Munsingwear, 340 U.S. 36, 38, 71 S.Ct. 104, 105, 95 L.Ed. 36, from Southern Pacific R. Co. v. United States, 168 U.S. 1, 48–49, 18 S.Ct. 18, 42 L.Ed. 355, as the classic statement of the rule of res judicata:

" 'The general principle announced in numerous cases is that a right, question, or fact distinctly put in issue, and directly determined by a court of competent jurisdiction, as a ground of recovery, cannot be disputed in a subsequent suit between the same parties or their privies; and even if the second suit is for a different cause of action, the right, question or fact once so determined must, as between the same parties or their privies, be taken as conclusively established, so long as the judgment in the first suit remains unmodified.' "

 In addition to recovery for the anticipatory breach specifically demanded together with penalties and attorney's

2. In material part the judgment reads:
"And it further appearing to the Court that on the 25th day of September, A.D. 1951, defendant, Business Men's Assurance Company of America, duly filed in this cause a proper motion for judgment non obstante veredicto on the ground that the evidence raised no issue of fact and that a directed verdict for the defendant would have been proper, and same should have been granted, that reasonable notice of such motion was given as required by law to John J. Watts, attorney for plaintiff, and that on a hearing thereof both parties came by their attorneys, and the Court having heard and considered such motion, the evidence and argument of counsel, and being of the opinion that the evidence raised no issue of fact, that a directed verdict for defendant would have been proper and that such motion should be granted, it is accordingly ordered that said motion be, and it is hereby granted, and that judgment non obstante veredicto be entered for the defendant, Business Men's Assurance Company of America, a corporation.

"It is therefore ordered, adjudged and decreed by the Court that the plaintiff, Hubert Wesley Driggers, take nothing as against the defendant, Business Men's Assurance Company of America, a corporation, but that said defendant go hence without day, and recover its costs in this behalf expended for which execution may issue, to which judgment of the Court the plaintiff then and there in open Court excepted.

"Dated and signed at El Paso, Texas, this the 15th day of November, A.D. 1951."

fees, the complaint in both actions also prayed "for such other and further relief as plaintiff may show himself justly entitled to receive either at law or in equity." Even in the absence of such a prayer, we would have to take notice of the provision of Rule 54(c), Fed.Rules Civ.Proc. 28 U.S.C.A. that, "Except as to a party against whom a judgment is entered by default, every final judgment shall grant the relief to which the party in whose favor it is rendered is entitled, even if the party has not demanded such relief in his pleadings." The first action was instituted April 4, 1950, and even though it did not specifically demand payment of the monthly indemnity then accrued, that relief could have been granted under Rule 54(c) if the proof so authorized. According to this Court's opinion, there was no basis for the suit at all because no demand had been made nor proof of loss furnished by the plaintiff. 199 F.2d 911, 913.

■ There are authorities to the effect that a judgment for defendant not on the merits is conclusive only as to what is actually decided. Am.Law Institute Restatement, Judgments, Section 49; cf. Angel v. Bullington, 330 U.S. 183, 190, 67 S.Ct. 657, 91 L.Ed. 832. The following rule is stated in 30 Am.Jur., Judgments, Sec. 206, p. 943: "where, after the rendition of a judgment, subsequent events occur, creating a new legal situation or altering the legal rights or relations of the litigants, the judgment may thereby be precluded from operating as an estoppel." See also, State Farms Mut. Auto. Ins. Co. v. Duel, 324 U.S. 154, 162, 65 S.Ct. 573, 89 L.Ed. 812; City of Shreveport v. Shreveport Ry. Co., 5 Cir., 38 F.2d 945; Blair v. Commissioner, 300 U.S. 5, 9, 57 S.Ct. 330, 81 L.Ed. 465; Memphis City Bank v. State of Tennessee, 161 U.S. 186, 16 S.Ct. 468, 40 L.Ed. 664; Auto Acetylene Light Co. v. Prest-O-Lite Co., 6 Cir., 264 F. 810; Bedford Bowling Green Stone Co. v. Oman, 6 Cir., 134 F. 441. It is not necessary, however, for us to decide whether the recovery of the monthly benefit installments which could,

on sufficient proof, have been recovered in the first action is precluded by the doctrine of res adjudicata, for nearly all of the claims accrued prior to the institution of the first suit, April 4, 1950, are barred by the four year statute of limitations contained in Article 5527 of the Revised Civil Statutes of Texas, and the recovery of all such claims is precluded for failure to furnish proofs of loss within ninety days after the termination of the periods for which the Company might be liable as required by paragraph 7 of the policy's "Standard Provisions" quoted in footnote 1, supra.

■ As to monthly benefit installments accruing after the institution of the first action, res judicata clearly furnishes no defense. As said in Kontovich v. United States, 6 Cir., 99 F.2d 661, 664, 665:

"If the claim on which he was accorded judgment grew out of an indivisible contract, the whole being due and payable at the time of the commencement of his original action, or if the questions put in issue in that case applied with equal force to the contract in its entirety, though divisible, the litigation is at an end. There can be no splitting up of a cause of action on a single insurance policy. However, if the insurance is payable in periodic installments or subject to some changed condition, it constitutes an entire contract, but the obligation thereunder is severable and a prior action does not preclude the parties as to subsequent controversies. United States v. Worley, 281 U.S. 339, 344, 50 S.Ct. 291, 293, 74 L.Ed. 887; United States v. Jackson, 10 Cir., 34 F.2d 241, 73 A.L.R. 316; United States v. Napoleon, 5 Cir., 296 F. 811."

See other cases collected in Key numbered digests under Judgments, Section 603.

Clearly under Texas law, the monthly benefit installments which accrued subsequent to the institution of the first action constitute separate causes of action. As said by the Texas Supreme

Court in Universal Life and Accident Ins. Co. v. Shaw, 139 Tex. 434, 163 S.W. 2d 376, 379.

> "The insured was to pay a certain weekly premium, and in case of disability the insurer agreed to pay the insured a certain weekly benefit. We think the object of the policy was to give to the insured a continuing security, and that the contract is divisible. In other words, when the insurer failed to comply with the terms of the contract and pay the amount due thereunder, each failure gave rise to a separate cause of action, and the insured had a right of action for each weekly benefit, each being distinct from the other; and she could have brought suit on each benefit as it became due. * * * Limitation ran from the time that each weekly benefit was due, and not from the time the insurer undertook to repudiate its contract. * * *

> "This suit was based upon a written contract, and Article 5527, prescribing what suits shall be filed within four years, is applicable. The insured in this case could not, when the four years statute of limitation was invoked, recover for any benefits accruing more than four years prior to the time such suit was filed."

■ Insofar as the present action sets up causes of action different from those in the first action, the rule to be applied is that of estoppel by judgment rather than true res judicata. Peckham v. Family Loan Co., 5 Cir., 196 F.2d 838, 840, 841. "Where the second cause of action between the parties is upon a different claim the prior judgment is res judicata not as to issues which might have been tendered but 'only as to those matters in issue or points controverted, upon the determination of which the finding or verdict was rendered.'" Mercoid Corporation v. Mid-Continent Co., 320 U.S. 661, 671, 64 S.Ct. 268, 274, 88 L.Ed. 376; see also United States v. International Building Co., 345 U.S. 502, 504, 505, 73 S.Ct. 807, 97 L.Ed. 1182; Cromwell v. County of Sac, 94 U.S. 351, 353, 24 L.Ed.

195, 681; Russell v. Place, 94 U.S. 606, 24 L.Ed. 214; Travelers Ins. Co. v. Commissioner of Internal Revenue, 2 Cir., 161 F.2d 93, 95; A.L.I., Restatement, Judgments, Sec. 68; 30 Am.Jur., Judgments, Secs. 179, 180.

> "If the judgment in the prior case may have been based on any one of several issues involved therein, but is ambiguous and uncertain as to which of the several issues was the one determined in arriving at the decision, the party invoking the application of the doctrine of res judicata is generally required to show upon which issue the judgment was in fact based; and where this is not done, the judgment does not constitute a conclusive adjudication as to any of the issues involved. A fortiori, where the entry of judgment in an action involving several issues of fact recites a finding on one issue that compels a judgment for the defendant, and is silent as to the rest, the latter, in the absence of some further showing, will be held open to inquiry in future litigation between the same parties based on a different cause of action. * * * *"
> 30 Am.Jur., Judgments, Sec. 283, pp. 997, 998.

■ The motion for judgment non obstante veredicto in the first action conceded that: "The policy in question was admittedly in full force and effect, and all premiums had been duly paid for a period beyond March 7, 1948." While the jury's verdict was set aside on other grounds, no court has ever disapproved its findings of fact for the plaintiff and that he was totally incapacitated permanently. It may possibly be that the plaintiff can again prove those facts to the reasonable satisfaction of another jury, and that as to some of the monthly periods the plaintiff can prove upon another trial, as he alleges, that due proofs of loss have been made under the terms of the policy. As to monthly benefit installments accruing subsequent to the institution of the first action, the plaintiff should have that opportunity, and he is

not precluded from making such proof by the doctrine of res judicata.

The case of Universal Life and Accident Ins. Co. v. Shaw, quoted supra, is also authority establishing the insufficiency of the only other ground upon which the motion for summary judgment was based, and holding that benefits accruing within four years prior to February 12, 1954, the date on which the present action was filed, are not barred by the statute of limitations.

■ While the plaintiff's demand for judgment in his complaint, Rule 8(a), F.R.C.P., is in the sum of $78,290.40, we do not think that the plaintiff is limited to the "whole hog or none", for, as we heretofore noted, his complaint concludes with a prayer "for such other and further relief as plaintiff may show himself justly entitled to receive either at law or in equity", and further, under Rule 54 (c), F.R.C.P., the final judgment should grant the relief to which plaintiff may prove himself entitled, even if he has not demanded such relief in his pleadings.

■ The party moving for summary judgment has the burden of establishing that the material facts are not in dispute, and it is not incumbent on the adverse party to show that summary judgment should not be entered, though the rule does provide that he "may serve opposing affidavits." Rule 56, F.R.C.P. Appellant makes a single specification of error, viz.: "The Court erred in entering summary judgment against appellant where there existed genuine issues as to the material facts." That specification covers any error committed by the court in entering summary judgment when genuine issues as to material facts remained for decision. We do not intend to claim for the appellant something which he did not claim for himself. Upon oral argument, appellant's counsel urged that he was entitled at least to recover the accrued monthly installments under the policy. Moreover, while this Court will consider only errors of which the appellant complains, it is not restricted to the appellant's process of rea-

soning, but may reverse a summary judgment erroneously entered, and remand the cause for such further proceedings as may be just under the circumstances. 28 U.S.C.A. § 2106.

The judgment is, therefore, reversed and the cause remanded for further proceedings not inconsistent with this opinion.

Reversed and remanded.

HUTCHESON, Chief Judge, dissents.

HUTCHESON, Chief Judge (dissenting).

I find myself in substantial agreement with the views of the majority on the effect of the State Statutes of Limitation and with the general discussion of the principles of res judicata as the majority opinion states them. I find myself in agreement, too, with the view of the majority that, as to actions for monthly benefit installments accruing after the institution of the first action, the judgment in that action furnishes no defense, and if I could agree that the action in this case was an action for such monthly benefits, I could agree with the conclusion of the majority that the judgment in the first action was not res judicata.

With the premise on which the conclusion of the majority rests, I cannot, however, agree. For I think it quite plain that while the complaint does recite that under the terms of the policy there is now due and owing to him the sum of $14,200, it does not sue, nor ask judgment, for this sum. On the contrary, this complaint, as the complaint in the former action did, alleges and sues for an anticipatory breach of the policy and a lump sum of $53,920.00 due for the whole period of his life, based on his expectancy. Moreover, in opposition to the motion for summary judgment, plaintiff did not urge or claim, he does not in his specifications of error or in his brief urge or even claim, what the majority opinion holds, that he was entitled to recover the accrued installments.

The record standing thus, I cannot agree with the view of the majority that this court should or can treat the suit as one for the recovery of accrued installments instead of, as plaintiff has all along in both suits declared it to be, one for the recovery of a lump sum due for the anticipatory breach of the policy.

It is not exactly clear to me from the opinion of the majority what part in the result arrived at is played by the fact that plaintiff got a verdict on special issues for, though the verdict is set out in full and afterward referred to, it is not claimed, as it could not be,[1] that the verdict itself has survived the judgment for any purpose as evidence, or estoppel, or otherwise.

I respectfully dissent from the reversal of the judgment.

James A. Williams, Steilacoom, Wash., in pro. per.

No appearances for respondent.

Before DENMAN, Chief Judge and HEALY and BONE, Circuit Judges.

---

1. 30 Am.Jur., p. 938, "Judgments", Sec. 196; Smith v. Smith, 235 Minn. 412, 51 N.W.2d 276, 32 A.L.R.2d 1135; Smith v. McCool, 16 Wall. 560, at page 561, 21 L.Ed. 324, where it is said:

"A verdict without a judgment in a case like this is of no validity, either as an estoppel or as evidence. To give efficacy to a verdict, general or special, it must be followed by a judgment, and when offered to establish any fact, such fact must have constituted, in whole or in part, the foundation of the judgment which was rendered. Greenleaf says: 'It is only where the point in issue has been determined that the judgment is a bar. If the suit has been discontinued, or the plaintiff becomes nonsuit, or for any other reason there has been no judgment of the court upon the matter in issue, the proceedings are not conclusive.' The matter must have become res judicata."