**SEABOARD AIR LINE RAILROAD COMPANY, Appellant,**

v.

**CITY OF WEST PALM BEACH, FLORIDA, Appellee.**

**No. 23542.**

United States Court of Appeals
Fifth Circuit.

Feb. 17, 1967.

Arthur E. Barrow, Manley P. Caldwell, Caldwell, Pacetti & Barrow, Palm Beach, Fla., for appellant.

Frederick E. Hollingsworth, John H. Evans, West Palm Beach, Fla., for appellee.

Before MARIS,* BROWN and THORNBERRY, Circuit Judges.

PER CURIAM.

The Railroad, in a suit based both on diversity and federal question jurisdiction, 28 U.S.C.A. § 1331(a), sought to enjoin the enforcement of an ordinance [1] requiring it to install safety gates at the railroad crossings on Belvedere Road and Forest Hill Boulevard in the City of West Palm Beach as a deprivation of property without due process of law and an unreasonable burden on interstate commerce.

■ This appeal fails to present a single new question of law. Its determination rests on an often articulated and long unchanged standard—whether the City's exercise of police power was arbitrary or unreasonable. Nashville, C. & St. L. Ry. Co. v. Walters, 1935, 294 U.S. 404, 415, 55 S.Ct. 486, 488, 79 L.Ed. 949, 955, and cases cited n. 7; Mestre v. City of Atlanta, 5 Cir., 1958, 255 F.2d 401. Whatever feeling may exist that the Railroads' burden in installing safety devices must be shared,[2] the District Court was certainly justified in concluding that the City's judgment regarding the use of its streets and the safety of its citizens was not made arbitrarily or unreasonably.

■ The Court was entitled to consider the traffic counts which, although prepared subsequent to the adoption of the ordinance, were relevant as bearing on the reasonableness of the ordinance at the time it was challenged.[3] Nor did the Court err in rejecting proffered testimony regarding the astronomical cost to the Railroad if other communities along the route enacted similar ordinances. Such information, wholly speculative, could have no bearing on the reasonableness of the City's action here involved.

Affirmed.

---

* Of the Third Circuit, sitting by designation.

1. Ordinance No. 857–64, Ch. 40, § 40–1:
   "Every railroad company maintaining a railroad track in or through the city, over which railroad trains are operated, shall install, maintain and operate at each street crossing along its main line and passing track, where the streets of the city intersect such lines at grade level, automatic electric signal devices. * * * In addition to all crossings at which safety gates are in existence at the effective dates of this ordinance, said railroad companies shall respectively install, maintain and operate safety gates at the following crossings:
   " * * *
   "Belvedere Road
   " * * *
   "Forest Hill Boulevard."

2. ICC Report No. 33440, Prevention of Rail-Highway Accidents Involving Railway Trains and Motor Vehicles, 322 ICC

1 (1964) ; see Nashville, C. & St. L. Ry. Co. v. Walters, supra.

3. The sauce ought to be for the Railroad and City alike, Hamilton v. Maryland Casualty Co., 5 Cir., 1966, 368 F.2d 768, and since an ordinance reasonable as applied to conditions existing at the time of its adoption may become unreasonable by a change in conditions, City of Shreveport v. Shreveport Ry. Co., 5 Cir., 1930, 38 F.2d 945, cert. denied 281 U.S. 763, 50 S.Ct. 462, 74 L.Ed. 1172; 37 Am.Jur., Municipal Corporations § 173, at 804, so must its reasonableness be determined by the conditions existing at the date of its challenge, not those contemporary with its passage. Indeed, the slightest reflection would disclose the fallacy of a rule which would require a determination of the reasonableness of a long-standing ordinance in the light of circumstances and conditions that may have existed at the time of its adoption.